Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:    mark@markmerin.com
    paul@markmerin.com

Attorneys for Plaintiffs
THONGXY PHANSOPHA, JOSHUA RUIZ,
DANIEL GARZA, and ELISABETH CROUCHLEY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons,<br><br>                    Plaintiffs,<br><br>vs.<br><br>CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125,<br><br>                    Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

This class action is brought by THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, for damages, declaratory relief, and injunctive relief enjoining and declaring unconstitutional the deprivations of the federal and state constitutional rights caused by the CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, and their officials and personnel, who subjected Plaintiffs and the class to a policy or custom of unreasonable and excessive use of force by firing rubber bullets to strike and injure non-violent demonstrators exercising their constitutional freedom of speech.

1

**JURISDICTION & VENUE**

1.      This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution), and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

**PARTIES**

4.      Plaintiff THONGXY PHANSOPHA is a resident of the County of Sacramento, California.

5.      Plaintiff JOSHUA RUIZ is a resident of the County of Sacramento, California.

6.      Plaintiff DANIEL GARZA is a resident of the County of Sacramento, California.

7.      Plaintiff ELISABETH CROUCHLEY is a resident of the County of Sacramento, California.

8.      Defendant CITY OF SACRAMENTO is a "public entity" within the definition of Cal. Gov. Code § 811.2.

9.      Defendant SACRAMENTO POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

10.     Defendant DANIEL HAHN is, and at all times material herein was, a law enforcement officer and Police Chief for Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, acting within the scope of that employment. Defendant DANIEL HAHN is sued in his individual capacity.

11.     Defendants DOE 1 to 125 are and/or were agents or employees of Defendants CITY OF

2

SACRAMENTO and/or SACRAMENTO POLICE DEPARTMENT and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 1 to 125 are not now known and they are identified by their fictitious names. Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY will substitute the true and correct names of Defendants DOE 1 to 125 when ascertained.

### GENERAL ALLEGATIONS

12.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

13.     On May 26, 2020, George Floyd, a black man, was murdered by Minneapolis police officer Derek Chauvin, a white man. Chauvin knelt on Floyd's neck for almost nine minutes, as Floyd gasped for air, begged for mercy, and told the officer he could not breathe. Three other Minneapolis police officers looked on, without intervention or protest, as Chauvin slowly killed Floyd. Floyd's killing was captured on camera and went "viral."

14.     Floyd's murder is consistent with a longstanding, ongoing pattern of cases where minorities—and, most-often, black men—are subject to disproportionate force and sometimes killed by law enforcement without justification. For example, and in addition to Floyd, some other highly publicized and recent killings by law enforcement include Tamir Rice, Michael Brown, Eric Garner, Philando Castile, Joseph Mann, Stephon Clark, and Breonna Taylor.

15.     Nationwide outcry, protest, and demonstration immediately resulted from Floyd's killing, with many around the country disgusted by and fed-up with law enforcement's all-too-frequent resort to deadly force without accountability. Thousands took to the streets to express their constitutional rights to freedom of speech and petition against government officials who either participated in police violence or idly stood-by while fellow officers engaged in such misconduct.

16.     Many protests have occurred, and are continuing to occur, in Sacramento, California.

17.     Demonstrating the very same propensity for the use of unjustified violence that gave rise to these recent nationwide demonstrations, Defendant SACRAMENTO POLICE DEPARTMENT's officers took to the streets in droves, armed for war against their own citizenry, and employed severe and unjustified excessive force against peaceful, non-violent demonstrators.

3

**THONGXY PHANSOPHA**

18.     On or about the final hours of May 30, 2020, and/or the early hours of May 31, 2020, Plaintiff THONGXY PHANSOPHA (pronouns: they/them) was attending a demonstration occurring in downtown Sacramento near 21st and J Streets.

19.     A police line of Defendant SACRAMENTO POLICE DEPARTMENT's officers advanced to J and 21st Streets, where a standoff between protestors and police remained for some time.

20.     Plaintiff THONGXY PHANSOPHA was peacefully demonstrating in front of the police line when officers, including Defendants DOE 1 to 25, began indiscriminately to fire their weapons into the crowd of protestors.

21.     Plaintiff THONGXY PHANSOPHA observed that several protestors were directly struck with projectiles fired by Defendants DOE 1 to 25.

22.     Defendants DOE 1 to 25 were targeting the heads of protestors, intending severely to injure them.

23.     Plaintiff THONGXY PHANSOPHA was shot at and hit no less than seven times, including being struck with a gas canister and six rubber bullets.

24.     Plaintiff THONGXY PHANSOPHA was struck with a gas canister and three rubber bullets in the head and face, nearly killing them.

25.     Plaintiff THONGXY PHANSOPHA was struck with three rubber bullets above the waist.

26.     Plaintiff THONGXY PHANSOPHA fell to the ground, incapacitated and bleeding severely from the head.

27.     Defendants DOE 1 to 25 continued to fire-on Plaintiff THONGXY PHANSOPHA, even after they fell to the ground, defenseless and injured.

28.     Plaintiff THONGXY PHANSOPHA is unable to identify the officers who shot them due to Defendants DOE 1 to 25's uniforms and equipment which obscured their identity. On information and belief, Defendants DOE 1 to 25's indistinguishable uniforms and equipment were employed, at least in part, for the purpose of hiding officers' identities and avoiding accountability.

29.     Plaintiff THONGXY PHANSOPHA was admitted to the hospital for numerous and severe injuries caused by the multiple injuries resulting from the projectiles fired at them.

4

30.    Plaintiff THONGXY PHANSOPHA sustained numerous cuts, bumps, and bruises from the projectiles.

31.    Plaintiff THONGXY PHANSOPHA's face was severely injured and a video of some injuries sustained can be viewed at the following location: <https://youtu.be/jEh_2vc3tf8>.

32.    Plaintiff THONGXY PHANSOPHA required two emergency, life-saving brain surgeries because of the injuries they sustained.

33.    Plaintiff THONGXY PHANSOPHA continues to experience pain and discomfort resulting from their injuries.

34.    Plaintiff THONGXY PHANSOPHA wishes to attend further demonstrations, when they are healthy enough to do so. Plaintiff THONGXY PHANSOPHA is hesitant, however, based on the experience and excessive force to which they were subjected.

**JOSHUA RUIZ**

35.    On or about May 31, 2020, Plaintiff JOSHUA RUIZ (pronouns: he/him) was attending a demonstration occurring in downtown Sacramento near Capitol Avenue and L Street.

36.    Defendant SACRAMENTO POLICE DEPARTMENT's officers, including Defendants DOE 26 to 50, began indiscriminately to fire their weapons into the crowd of protestors, without justification.

37.    Defendants DOE 26 to 50 fired projectiles directly at the demonstrators, severely injuring many.

38.    Plaintiff JOSHUA RUIZ was struck several times with projectiles, all over his body.

39.    Plaintiff JOSHUA RUIZ fell to the ground after initially being struck by projectiles.

40.    Defendants DOE 26 to 50 continued to fire-on and to strike Plaintiff JOSHUA RUIZ with projectiles, even as he lay on the ground, defenseless and injured.

41.    Plaintiff JOSHUA RUIZ is unable to identify the officers who shot him due to Defendants DOE 26 to 50's uniforms and equipment which obscured their identity. On information and belief, Defendants DOE 26 to 50's indistinguishable uniforms and equipment were employed, at least in part, for the purpose of hiding officers' identities and avoiding accountability.

42.    Plaintiff JOSHUA RUIZ was admitted to the hospital for numerous and severe injuries

1   caused by his multiple injuries caused by the projectiles fire at him.

2       43.     Plaintiff JOSHUA RUIZ sustained numerous cuts, bumps, and bruises from the

3   projectiles. Plaintiff JOSHUA RUIZ's liver was found to have been lacerated due to the force with which

4   a projectile struck him.

5       44.     Plaintiff JOSHUA RUIZ was hospitalized for multiple days due to his injuries. Plaintiff

6   JOSHUA RUIZ continues to experience pain and discomfort resulting from his injuries.

7       45.     Plaintiff JOSHUA RUIZ wishes to attend further demonstrations, when he is healthy

8   enough to do so. Plaintiff JOSHUA RUIZ is hesitant, however, based on the experience and excessive

9   force to which he was subjected.

10                                  **DANIEL GARZA**

11      46.     Plaintiff DANIEL GARZA (pronouns: he/him) is a National Lawyers Guild ("NLG")

12  Legal Observer who has observed demonstrations across the United States since 2012. Plaintiff DANIEL

13  GARZA is the "Know Your Rights" and NLG Legal Observer trainer for the Sacramento Chapter of the

14  NLG. Plaintiff DANIEL GARZA served 6-years in the United States Navy with two deployments to

15  OIF/OEF aboard the U.S.S. Nimitz (CVN-68).

16      47.     Plaintiff DANIEL GARZA was acting in his capacity as an NLG Legal Observer to

17  observe demonstrations occurring in the downtown-area of Sacramento, at all relevant times.

18      48.     Plaintiff DANIEL GARZA was wearing a neon-green hat prominently displaying the

19  words "National Lawyers Guild Legal Observer." NLG Legal Observers, and their neon-green hats, are

20  internationally recognized as observer non-participants and are extended the same rights and access as

21  are members of the press.

22      49.     Defendant SACRAMENTO POLICE DEPARTMENT and its officers have long-known

23  of the role and presence of NLG Legal Observers at protest demonstrations—including, for example, the

24  demonstrations held at Defendant SACRAMENTO POLICE DEPARTMENT's headquarters located at

25  5303 Franklin Blvd., Sacramento, CA 95820, on May 29, 2020.

26      50.     On or about May 30, 2020, Plaintiff DANIEL GARZA was conducting legal observation

27  near the Sacramento County Main Jail.

28      51.     Plaintiff DANIEL GARZA observed Sacramento County Sheriff's Department officers

6

use flash-bang grenades and tear gas and fire irritant chemicals at protesters.

52.    Plaintiff DANIEL GARZA followed the protesters as they moved from I and 7th Streets to K Street.

53.    Plaintiff DANIEL GARZA followed the demonstration down J Street from 7th Street until it reached 19th Street. Plaintiff DANIEL GARZA began to film the interaction between the protestors and police with a camera and an iPhone held in both hands, simultaneously live-streaming the recordings to Facebook.

54.    Plaintiff DANIEL GARZA observed a police line form and advance towards the protestors.

55.    Plaintiff DANIEL GARZA was off to the side of the demonstration, in a parking lot west of 2020 J Street (SNAHC Building), as the police line marched past.

56.    Plaintiff DANIEL GARZA was behind the police line, after it moved forward towards the demonstration.

57.    Defendant DOE 51, an officer, told Plaintiff DANIEL GARZA to move in front of the police line.

58.    Plaintiff DANIEL GARZA refused Defendant DOE 51's requests, recognizing that the officers were preparing to fire on the protesters near the police line. Plaintiff DANIEL GARZA did not want to be exposed to line-of-fire of officers' projectile or chemical weapons.

59.    Plaintiff DANIEL GARZA told Defendant DOE 51, "We are not part of them" (the demonstration) and "We are not interfering."

60.    Defendants DOE 51 to 75, the line of officers, forced Plaintiff DANIEL GARZA to move in front of the police line and into the line-of-fire, through physical intimidation, brandishing of weapons, display of force, and an overwhelming police presence.

61.    Defendants DOE 51 to 75 deployed flash-bang grenades and tear gas while pushing the police lines forward.

62.    Plaintiff DANIEL GARZA advanced down J Street with the protesters.

63.    Plaintiff DANIEL GARZA donned a military-style gas mask which permitted him to observe the demonstration without the gas affecting him. Plaintiff DANIEL GARZA continued to wear

7

his high-visibility neon-green hat identifying him as a non-participant NLG Legal Observer.

64. The police line, including Defendants DOE 51 to 75, advanced to J and 21st Streets, where a standoff between protestors and police remained for some time.

65. Plaintiff DANIEL GARZA spent the majority of his time standing on the sidewalk in front of 2100 J Street (First United Methodist Church).

66. Defendants DOE 51 to 75 fired their weapons directly at the protesters and several protestors fell to the ground as they were shot.

67. Plaintiff DANIEL GARZA left the sidewalk to assist injured persons who had been shot and were unable to move without assistance.

68. Plaintiff DANIEL GARZA assisted at least one person who had been shot in the face with projectiles, causing incapacitation and severe bleeding.

69. Plaintiff DANIEL GARZA was not fired-upon by Defendants DOE 51 to 75 when he assisted injured persons from the street to the sidewalk, leading him to believe that the officers recognized that he was not a threat.

70. Plaintiff DANIEL GARZA continued filming the line of officers on his camera and live-streaming on Facebook with his iPhone, with a camera in each hand.

71. Plaintiff DANIEL GARZA was on the sidewalk about 30 feet from the police line.

72. Plaintiff DANIEL GARZA observed that someone from behind and to the right of his location threw an object towards the police line. The object was thrown high above the police line and the landed far behind the police line, without striking any officer.

73. Defendant DOE 52 lifted his rifle, in reaction to the object being thrown and landing behind the police line.

74. Defendant DOE 52 aimed his firearm at Plaintiff DANIEL GARZA and fired.

75. Plaintiff DANIEL GARZA was struck on the left side of his forehead with a projectile.

76. Plaintiff DANIEL GARZA fell to the ground, crying-out in pain. A recording can be found at the following location:

<https://www.facebook.com/danny.garza.167/videos/10222535335080905/>.

77. Plaintiff DANIEL GARZA felt severe pain and blood trickling from his face.

8

1    78.    Plaintiff DANIEL GARZA had been concussed by the projectile that had struck his head.

2    79.    Plaintiff DANIEL GARZA stood up, walked to the police line, and confronted the officer

3    who he believed had shot him.

4    80.    Plaintiff DANIEL GARZA repeatedly asked for the officer to identify his badge number.

5    81.    An officer responded "#1011." Plaintiff DANIEL GARZA does not know if the officer

6    who provided the badge number is Defendant DOE 52, the officer responsible for shooting him in the

7    face.

8    82.    Plaintiff DANIEL GARZA walked towards J and 22nd Streets, where his partner

9    observed his injuries and determined he needed to go to the hospital.

10   83.    Plaintiff DANIEL GARZA's speech and thinking became noticeably impaired.

11   84.    Plaintiff DANIEL GARZA was left in the care of a nursing student known as "Raven"

12   and a tall man who identified himself as a physician, as his partner left to retrieve a vehicle.

13   85.    Raven and the physician assisted Plaintiff DANIEL GARZA in retreating further into a

14   parking lot to the east of 2100 J Street.

15   86.    Raven and the physician sat Plaintiff DANIEL GARZA on the lower rungs of stairs that

16   attached to the building. They cleaned Plaintiff DANIEL GARZA's head wound.

17   87.    Defendants DOE 51 to 75 advanced east on J Street, perpendicular to Plaintiff DANIEL

18   GARZA's location.

19   88.    Raven and the physician attempted to apply a bandage to Plaintiff DANIEL GARZA's

20   head.

21   89.    Defendants DOE 51 to 75 again fired their weapons at Plaintiff DANIEL GARZA, Raven,

22   and the physician, while they were treating Plaintiff DANIEL GARZA's injuries.

23   90.    Plaintiff DANIEL GARZA, Raven, and the physician were each hit with pepper-balls.

24   91.    Plaintiff DANIEL GARZA, Raven, and the physician were cornered behind the stairs of

25   the building without any ability to escape Defendants DOE 51 to 75's continuous assault.

26   92.    Plaintiff DANIEL GARZA, Raven, and the physician repeatedly yelled "Medic! Medic!

27   Don't shoot!"

28   93.    Raven was temporarily blinded by the pepper-balls fired and she sustained at least two

9

impact marks on her right bicep from pepper-ball impacts.

94.     Defendants DOE 51 to 75 deployed flash-bang grenades.

95.     Plaintiff DANIEL GARZA and the medics attempted to retreat from their cover behind the stairs but, again, were immediately fired-upon by Defendants DOE 51 to 75.

96.     Plaintiff DANIEL GARZA, Raven, and the physician were eventually able to walk to the front of 2200 K Street (Temple Coffee), from where Plaintiff DANIEL GARZA was transported to the Sacramento Veterans Affairs Hospital by a woman named Claire.

97.     Plaintiff DANIEL GARZA continues to experience pain, swelling, and severe discoloration to the left side of his face where he was shot, including his left eye swelling shut.

98.     Plaintiff DANIEL GARZA has experienced significant difficulties with his short-term memory, focus, speech, comprehension, and cognition and exhibits symptoms consistent with a traumatic brain injury.

### ELISABETH CROUCHLEY

99.     On or about the early morning hours of May 31, 2020, Plaintiff ELISABETH CROUCHLEY (pronouns: she/her) was attending a demonstration occurring in downtown Sacramento near 20th and J Streets.

100.    Plaintiff ELISABETH CROUCHLEY was peacefully demonstrating about 25 feet from a police line of Defendant SACRAMENTO POLICE DEPARTMENT's officers, including Defendants DOE 76 to 100.

101.    Defendants DOE 76 to 100 began indiscriminately to fire their weapons into the crowd of protestors.

102.    Plaintiff ELISABETH CROUCHLEY observed that several protestors were directly struck with projectiles fired by the officers.

103.    Plaintiff ELISABETH CROUCHLEY turned to run away from Defendants DOE 76 to 100's line-of-fire.

104.    As Plaintiff ELISABETH CROUCHLEY was running away from the officers, she was struck with a rubber bullet on her right buttock and with a bean-bag to the back of her neck.

105.    Plaintiff ELISABETH CROUCHLEY was yelling, "Don't shoot! Don't shoot!," as she

10

ran away with both of her hands raised above her head.

106.    Defendants DOE 76 to 100 shot Plaintiff ELISABETH CROUCHLEY with an additional four rubber bullets, striking her on the back of the head, back, hip, and foot.

107.    Plaintiff ELISABETH CROUCHLEY was admitted to the emergency room at Sutter General Hospital.

108.    Plaintiff ELISABETH CROUCHLEY required immediate medical treatment for her injuries, including two staples to the back of her head to close the laceration where she had been struck with a rubber bullet.

109.    The attending nurse filed a police report on Plaintiff ELISABETH CROUCHLEY's behalf because they are a mandatory reporter.

110.    Plaintiff ELISABETH CROUCHLEY sustained severe bruising from the impact injuries she sustained.

111.    Plaintiff ELISABETH CROUCHLEY continues to experience pain and discomfort resulting from her injuries.

## POLICY AND CUSTOM ALLEGATIONS

112.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT's Chief of Police, Defendant DANIEL HAHN, is a final policy-making authority under state law and Defendant SACRAMENTO POLICE DEPARTMENT's General Orders. *See* Cal. Gov. Code § 38630(a); <https://www.cityofsacramento.org/Police/Transparency/General-Orders>. Defendant DANIEL HAHN has served as Chief of Police since August 2017.

113.    Defendants DOE 101 to 125 possess policy-making authority, based on the delegation of authority from Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and/or DANIEL HAHN.

## POLICIES

114.    Defendant SACRAMENTO POLICE DEPARTMENT maintains General Order 532.11 "Crowd & Riot Control Manual," available at: <https://www.cityofsacramento.org/-/media/Corporate/Files/Police/Transparency/RMs/RM-53211-Crowd-and-Riot-as-of-1298.pdf?la=en>. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN,

11

and DOE 101 to 125's policies, including General Order 532.11, ch. 2, sec. (A)(3)(e), authorizes officers to use force against non-threatening demonstrations: "If a display of officers accompanied by a dispersal order does not result in voluntary dispersal, more forceful action may be employed."

115. Defendant SACRAMENTO POLICE DEPARTMENT maintains General Order 580.02 "Use of Force," available at: <https://www.cityofsacramento.org/-/media/Corporate/Files/Police/Transparency/GO/Section-500/GO-58002-Use-of-Force-6820.pdf?la=en>. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125's policies, including General Order 580.02(A)(8)(c), defines projectile weapons fired by officers at persons to be "Less Lethal Force." In reality, projectile weapons have the ability to severely injure, permanently disable, and kill targets. *See* "Death, injury and disability from kinetic impact projectiles in crowd-control settings: a systematic review," available at: <https://bmjopen.bmj.com/content/7/12/e018154>.

116. Defendant SACRAMENTO POLICE DEPARTMENT maintains General Order 580.12 "Less Lethal Weapons," according to General Order 580.02(E)(3)(f). Defendant SACRAMENTO POLICE DEPARTMENT does not make its General Order 580.12 "Less Lethal Weapons" publicly available. *See* <https://www.cityofsacramento.org/Police/Transparency/General-Orders>.

**CUSTOMS**

117. <u>Use of Unconstitutional Tactics in Response to Demonstration/Protest</u>: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125 maintain an unofficial custom whereby their officers are permitted to employ unconstitutional tactics against persons in or around the area of a demonstration/protest—particularly as it relates to demonstrations/protests concerning the subject of police violence. This custom proximately caused Defendants DOE 1 to 100's unconstitutional actions against Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY. In addition to the incidents giving rise to this action, evidence of the existence of this custom is reflected by the circumstances in *Coburn v. City of Sacramento*, E.D. Cal. Case No. 2:19-cv-00888-TLN-AC. In the *Coburn* case, a demonstration protesting the Sacramento County District Attorney's Office's refusal to prosecute the police officers responsible for shooting and killing an unarmed black man, Stephon Clark, in his

12

grandmother's backyard, occurred on March 4, 2019. Hundreds of law enforcement officers, including Defendant SACRAMENTO POLICE DEPARTMENT's officers, corralled, "kettled," and trapped 84 persons (including participants and non-participants, such as legal observers and press members) on a highway overpass, impeding the demonstrations' movement and preventing and persons from leaving the scene. The officers then declared an unlawful assembly and used force unconstitutionally to detain, arrest, and book all trapped persons. The law enforcement agencies, including Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, agreed to settle the claims that resulted from a civil rights lawsuit pursuant to a stipulated class action settlement agreement. Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT agreed to pay at least $414,000.00 to settle the action.

118.    Use of Unreasonable and Excessive Force/Failure to Train, Supervise, or Discipline: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125 maintain an unofficial custom whereby their officers are permitted to use unreasonable and excessive force against persons with whom they come into contact, without meaningful consequence, discipline, or corrective action. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125's failure to investigate and to discipline officers in the face of widespread constitutional violations has resulted in use of force with impunity. This custom proximately caused Defendants DOE 1 to 100's use of force against Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY. In addition to the incidents giving rise to this action, evidence of the existence of this custom is reflected by:

a.    The California Department of Justice's "Report & Recommendations" issued on January 29, 2019. *See* <https://oag.ca.gov/system/files/attachments/press-docs/spd-report.pdf>. Therein, numerous and "significant deficiencies" are identified and recommendations provided in reference to Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT's use of force policies and training. For example, Defendant SACRAMENTO POLICE DEPARTMENT's use of force policies "should affirm the importance of proportionality"; "should prohibit certain problematic uses of force"; and should "[r]equir[e] officers to intervene during a use of force incident when the force used is outside of departmental policy." Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE

DEPARTMENT's use of force training "should place greater emphasis on teaching officers to have a 'guardian' mindset"; and "should ensure its use of force training emphasizes critical-decision making skills and require such training annually for all staff, regardless of rank."

      b.      Numerous incidents involving allegations of unreasonable and excessive uses of force by Defendant SACRAMENTO POLICE DEPARTMENT's officers which were substantiated by significant settlements, for example:

      i.      *Clark v. City of Sacramento*, E.D. Cal. Case No. 2:19-cv-00171-JAM-EFB (Alleging that two police officers shot an unarmed man, Stephon Clark, to death on March 18, 2018, while he hid in his grandmother's backyard. The resulting lawsuit was partially settled for $2,400,000).

      ii.      *Cain v. City of Sacramento*, E.D. Cal. Case No. 2:17-cv-00848-JAM-DB (Alleging that a police officer grabbed, tackled, and punched a man for jaywalking on April 10, 2017, without realizing the beating was recorded. The resulting lawsuit was settled for $550,000. <https://www.sacbee.com/news/local/article228710949.html>).

      iii.      *Hernandez v. City of Sacramento*, E.D. Cal. Case No. 2:17-cv-02311-JAM-DB (Alleging that three police officers chased an unarmed man who had been loitering in front of a convenience store into a hospital where he was then tased, beaten, and pinned to ground until he asphyxiated to the point of coma on March 6, 2017. The resulting lawsuit was settled for $5,200,000. <https://www.sacbee.com/news/local/article231173283.html>).

      iv.      *Mann v. City of Sacramento*, E.D. Cal. Case No. 2:16-cv-01847-WBS-DB (Alleging that a mentally-ill man was falsely reported to have a gun when two police officers unsuccessfully attempted to run-over the man with their patrol vehicle and, after failing to do so, exited the vehicle, pursued the man on foot as he fled, cornered the man, and shot him to death on July 11, 2016. The resulting lawsuit was settled for $719,000. <www.sacbee.com/news/local/article130391109.html>).

      v.      *Namoca v. City of Sacramento*, E.D. Cal. Case No. 2:16-cv-02283-TLN-EFB (Alleging that two police officers falsely accused a minor of "tampering" with a mailbox, tackled him to the ground and dislocated his shoulder, and unlawfully detained him in the back of a police car for nearly an hour while conducting pretextual records searches before finally releasing him when it became

14

apparent that no lawful justification for the arrest could be found on June 7, 2016. The resulting lawsuit was settled for $40,000. <https://www.sacbee.com/news/local/article228710949.html>).

          vi.      *Thompson v. City of Sacramento*, E.D. Cal. Case No. 2:18-cv-00806-KJM-DB (Alleging that a police officer slammed a woman face-first into the frame of a patrol vehicle multiple times, breaking her nose and the orbital around her eye on April 10, 2016. The resulting lawsuit was settled).

          vii.      *Halcomb v. City of Sacramento*, E.D. Cal. Case No. 2:14-cv-02796-MCE-DB (Alleging that three police officers broke into the wrong residence seeking the subject of an arrest warrant who lived at a different address and used excessive and unreasonable force against the resident when he confronted the intruders on August 8, 2014. The resulting lawsuit was settled for $220,000, after it was discovered that a police officer lied about the existence of a warrant. <http://www.sacbee.com/news/local/crime/article147296244.html>. On March 7, 2018, in response to a subsequent citizen complaint against the officer who lied under oath, Defendant DANIEL HAHN found "no violation of Police Department rules or regulations" by the officer that lied, under oath, about the existence of a warrant).

## RATIFICATION

119.    On information and belief, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125 will fail and/or refuse to hold their officers accountable for the unreasonable and excessive uses of force against Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY.

120.    On information and belief, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125 will determine that the unreasonable and excessive uses of force against Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY were justified and/or in compliance with Defendant SACRAMENTO POLICE DEPARTMENT's policies and general orders, based on the customs described above.

## CLASS ALLEGATIONS

121.    Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT,

15

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Phansopha v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

DANIEL HAHN, and DOE 101 to 125 deprived Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, of their civil rights including, but is not limited to, being subject to uses of force, without a sufficient governmental interest. Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY's injuries resulted from policy or custom, a lack of proper training, and/or were ratified by policymaking officials, including Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125.

122.     Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY seek to represent the alleged class of non-threatening demonstration attendees who were and/or will be subject to unconstitutional conduct by Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125.

123.     Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the class are so numerous that joinder of all members is impractical, as there are at least 40 class members, on information and belief.

124.     Pursuant to Fed. R. Civ. P. 23(a)(2), there are many facts common to the class including, but not limited to, whether Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125 deprived Plaintiffs and the class of their rights and/or had policies or customs permitting or deliberately indifferent to Plaintiffs and the class's rights, including:

a.     indiscriminate and unreasonable uses of force against attendees at demonstrations;

b.     retaliation against attendees at demonstrations concerning police violence; and/or

c.     discrimination against attendees at demonstrations concerning police violence.

125.     Pursuant to Fed. R. Civ. P. 23(a)(2), there are many questions of law common to the class including, but are not limited to, whether Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125 deprived Plaintiffs of their rights and/or had policies or customs permitting or deliberately indifferent to Plaintiffs' rights, including:

(a)     Violations of the Fourth Amendment of the U.S. Constitution, which prohibits
        unreasonable and excessive force;

(b)     Violations of the Fourteenth Amendment of the U.S. Constitution, which prohibits

16

1    indiscriminate and unintentional uses of force;

2    (c)    Violations of the First Amendment of the U.S. Constitution, which prohibits retaliation in

3        response to protected activity;

4    (d)    Violations of the Fourteenth Amendment of the U.S. Constitution, which prohibits

5        unequal treatment of persons under the law;

6    (e)    Violations of Article I, Section 13 of the California Constitution, which prohibits

7        unreasonable and excessive force;

8    (f)    Violations of Article I, Section 7(a) of the California Constitution, which prohibits

9        indiscriminate and unintentional uses of force

10    (g)    Violations of Article I, Sections 1, 2, and 3 of the California Constitution, which prohibits

11        retaliation in response to protected activity;

12    (h)    Violations of Article I, Section 7(a) of the California Constitution, which prohibits

13        unequal treatment of persons under the law; and

14    (i)    Violations of the Cal. Civ. Code § 52.1, for each of the reasons described in subdivisions

15        (a) through (h), above.

16    126.    Pursuant to Fed. R. Civ. 23(a)(3), proposed representative Plaintiffs THONGXY

17 PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY's claims are

18 typical of the class they seek to represent, and share the same interests and suffered the same types of

19 injuries as the putative class members, where the alleged claims are based upon the same legal theories

20 and similar facts.

21    127.    Pursuant to Fed. R. Civ. P. 23(a)(4), proposed representative Plaintiffs THONGXY

22 PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY are prepared

23 fairly and adequately to protect the interests of the class, and their interests are consistent with, and not

24 antagonistic to, the interests of the class.

25    128.    On information and belief, identities of the members of the class may be ascertained from

26 records maintained by Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE

27 DEPARTMENT, such as police or force reports; or from records maintained by third-parties, such as

28 hospital records.

17

129.    Pursuant to Fed. R. Civ. P. 23(b)(1)(A), prosecutions of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class.

130.    Pursuant to Fed. R. Civ. P. 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of inconsistent adjudications with respect to individual members of the putative class which would, as a practical matter, substantially impair or impede the interests of the other members of the putative class to protect their interests.

131.    Pursuant to Fed. R. Civ. P. 23(b)(2), Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125 have acted on grounds generally applicable to the class, thereby making appropriate the final injunctive or declaratory relief with respect to the class as a whole.

132.    Pursuant to Fed. R. Civ. P. 23(b)(3), the questions of law and fact, as alleged above, are common to class members and predominate over any questions affecting only individual members.

133.    Pursuant to Fed. R. Civ. P. 23(b)(3), a class action is superior to other available methods for the fair and equitable adjudication of the controversy between the parties.

134.    Pursuant to Fed. R. Civ. P. 23(b)(3)(A), the interests of members of the class in individually controlling the prosecution of a separate action is low, where most class members would be unable individually to prosecute any action at all, for example, where the amounts at stake for members of the class may be so small that separate suits would be impracticable, or where most members of the class may not be able to find counsel to represent them.

135.    Pursuant to Fed. R. Civ. P. 23(b)(3)(B), there exists no other litigation concerning the controversy that has already begun by or against class members, on information and belief.

136.    Pursuant to Fed. R. Civ. P. 23(b)(3)(C), it is desirable to concentrate all litigation in one forum because it will promote judicial efficiency to resolve the common questions of law and fact in one forum, rather than in multiple forums.

137.    Pursuant to Fed. R. Civ. P. 23(b)(3)(D), there are not likely to be significant difficulties in managing a class action in this case.

138.    Pursuant to Fed. R. Civ. P. 23(c)(2), upon certification under Fed. R. Civ. P. 23(b)(3), Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY contemplate that individual notice will be given to members of the class at their last-known address by first-class U.S. mail, informing members of the class to the following: (1) the pendency of the class action and the issues common to the class; (2) the nature of the action; (3) a class member's right to "opt-out" of the action within a given time, in which event the class member will not be bound by a decision rendered in the class action; (4) a class member's right, if the class member does not "opt-out," to be represented by the class member's own counsel and to enter an appearance in the case, otherwise the class member will be represented by representative Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY and their counsel; and (5) the class member's right, if the class member does not "opt-out," to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues adverse to the class.

## EQUITABLE ALLEGATIONS

139.    There is an actual controversy between Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, and Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125 concerning the threat of unreasonable and excessive uses of force by Defendant SACRAMENTO POLICE DEPARTMENT's office pursuant to execution of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125's policies or customs concerning permitting indiscriminate uses of force against attendees at demonstrations. Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, seek a judicial determination of their rights and duties and a declaration as to and Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's constitutional obligations.

140.    On information and belief, as a direct consequence of Defendants DOE 1 to 100's past conduct and Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT,

19

DANIEL HAHN, and DOE 101 to 125's failure to act and to restrain their officers from using similarly-unconstitutional uses of force, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, have suffered and will continue to suffer violations of their constitutional rights resulting in irreparable harm, including the chilling of free speech and right to petition.

## FIRST CLAIM

### Unreasonable and Excessive Force

### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

141.   This Claim is asserted by Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125.

142.   Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, reallege and incorporate the allegations of the preceding paragraphs 1 to 140, to the extent relevant, as if fully set forth in this Claim.

143.   <u>Individual Claims</u>: Defendants DOE 1 to 100, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, or failed to intercede and/or were integral participants to the use of unreasonable and excessive force, in violation of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

144.   <u>Cass Claims</u>: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of the rights of Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S.

20

Constitution.

145.    Defendants DANIEL HAHN and DOE 1 to 125's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally protected rights, or were wantonly or oppressively done.

146.    As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's actions and inactions, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, suffered injuries entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125; and punitive damages against Defendants DANIEL HAHN and DOE 1 to 125.

WHEREFORE, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

**SECOND CLAIM**

**Unreasonable and Excessive Force**

**(U.S. Const., Amend. XIV; 42 U.S.C. § 1983)**

147.    This Claim is asserted by Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125.

148.    Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, reallege and incorporate the allegations of the preceding paragraphs 1 to 140, to the extent relevant, as if fully set forth in this Claim.

149.    <u>Individual Claims</u>: Defendants DOE 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in conscience-shocking conduct by employing potentially-lethal force with the purpose to harm and/or deliberate indifference and without

21

regard to the known or obvious risks of injury to Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, or failed to intercede and/or were integral participants to the potentially-lethal force, in violation of rights protected by the Fourteenth Amendment of the U.S. Constitution

150.    Class Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of the rights of Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, protected by the Fourteenth Amendment of the U.S. Constitution.

151.    Defendants DANIEL HAHN and DOE 1 to 125's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally protected rights, or were wantonly or oppressively done.

152.    As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's actions and inactions, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, suffered injuries entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125; and punitive damages against Defendants DANIEL HAHN and DOE 1 to 125.

WHEREFORE, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

## THIRD CLAIM

### Retaliation

### (U.S. Const., Amend. I; 42 U.S.C. § 1983)

153.    This Claim is asserted by Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly

22

situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE
DEPARTMENT, DANIEL HAHN, and DOE 1 to 125.

154.     Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and
ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, reallege
and incorporate the allegations of the preceding paragraphs 1 to 140, to the extent relevant, as if fully set
forth in this Claim.

155.     <u>Individual Claims</u>: Defendants DOE 1 to 100, acting or purporting to act under color of
state law and in the performance of their official duties as law enforcement officers, retaliated against
Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH
CROUCHLEY for engaging in constitutionally protected activity with intent to inhibit that activity, or
failed to intercede and/or were integral participants to the retaliation, in violation of rights protected by
the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

156.     <u>Class Claims</u>: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE
DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting or purporting to act under color of state
law and as policymaking authorities, maintained policies or customs of action and inaction resulting in
the violation of the rights of Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA,
and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons,
protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S.
Constitution.

157.     Defendants DANIEL HAHN and DOE 1 to 125's actions and inactions were motivated by
evil motive or intent, involved reckless or callous indifference to constitutionally protected rights, or
were wantonly or oppressively done.

158.     As a direct and proximate result of Defendants CITY OF SACRAMENTO,
SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's actions and
inactions, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH
CROUCHLEY, on behalf of themselves and a class of similarly situated persons, suffered injuries
entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against
Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN,

23

and DOE 1 to 125; and punitive damages against Defendants DANIEL HAHN and DOE 1 to 125.

WHEREFORE, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

**FOURTH CLAIM**

**Equal Protection**

**(U.S. Const., Amend. XIV; 42 U.S.C. § 1983)**

159.     This Claim is asserted by Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125.

160.     Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, reallege and incorporate the allegations of the preceding paragraphs 1 to 140, to the extent relevant, as if fully set forth in this Claim.

161.     Individual Claims: Defendants DOE 1 to 100, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, discriminated against Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY in using force against them based on an animus towards attendees at demonstrations concerning police violence and accountability, without a rational relationship to any legitimate state interest, or failed to intercede and/or were integral participants to the discriminatory uses of force, in violation of rights protected by the Fourteenth Amendment of the U.S. Constitution.

162.     Class Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of the rights of Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, protected by the Fourteenth Amendment of the U.S. Constitution.

24

163. Defendants DANIEL HAHN and DOE 1 to 125's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally protected rights, or were wantonly or oppressively done.

164. As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's actions and inactions, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, suffered injuries entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125; and punitive damages against Defendants DANIEL HAHN and DOE 1 to 125.

WHEREFORE, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

## **FIFTH CLAIM**

### **Unreasonable and Excessive Force**

### **(Cal. Const., Art. I, § 13)**

165. This Claim is asserted by Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125.

166. Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, reallege and incorporate the allegations of the preceding paragraphs 1 to 140, to the extent relevant, as if fully set forth in this Claim.

167. Cass Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of the rights of Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA,

25

and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, protected by Article I, Section 13 of the California Constitution.

168.    As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125's actions and inactions, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, suffered injuries entitling them to receive equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125.

WHEREFORE, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

## SIXTH CLAIM

### Unreasonable and Excessive Force

### (Cal. Const., Art. I, § 7(a))

169.    This Claim is asserted by Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125.

170.    Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, reallege and incorporate the allegations of the preceding paragraphs 1 to 140, to the extent relevant, as if fully set forth in this Claim.

171.    Class Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of the rights of Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, protected by Article I, Section 7(a) of the California Constitution.

26

172.    As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125's actions and inactions, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, suffered injuries entitling them to receive equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125.

WHEREFORE, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

## SEVENTH CLAIM

### Retaliation

### (Cal. Const., Art. I, §§ 1, 2, 3)

173.    This Claim is asserted by Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125.

174.    Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, reallege and incorporate the allegations of the preceding paragraphs 1 to 140, to the extent relevant, as if fully set forth in this Claim.

175.    Class Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of the rights of Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, protected by Article I, Sections 1, 2, and 3 of the California Constitution.

176.    As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125's actions and

27

1  inactions, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH

2  CROUCHLEY, on behalf of themselves and a class of similarly situated persons, suffered injuries

3  entitling them to receive equitable (declaratory and injunctive) relief against Defendants CITY OF

4  SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125.

5         WHEREFORE, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and

6  ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, pray for

7  relief as hereunder appears.

8                              **<u>EIGHTH CLAIM</u>**

9                              **Equal Protection**

10                          **(Cal. Const., Art. I, § 7(a))**

11         177.    This Claim is asserted by Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ,

12  DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly

13  situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE

14  DEPARTMENT, DANIEL HAHN, and DOE 1 to 125.

15         178.    Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and

16  ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, reallege

17  and incorporate the allegations of the preceding paragraphs 1 to 140, to the extent relevant, as if fully set

18  forth in this Claim.

19         179.    <u>Class Claims</u>: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE

20  DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting or purporting to act under color of state

21  law and as policymaking authorities, maintained policies or customs of action and inaction resulting in

22  the violation of the rights of Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA,

23  and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons,

24  protected by Article I, Section 7(a) of the California Constitution.

25         180.    As a direct and proximate result of Defendants CITY OF SACRAMENTO,

26  SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125's actions and

27  inactions, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH

28  CROUCHLEY, on behalf of themselves and a class of similarly situated persons, suffered injuries

28

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Phansopha v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

entitling them to receive equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125.

WHEREFORE, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

## NINTH CLAIM

### Rehabilitation Act

### (29 U.S.C. § 701, *et seq.*)

181.    This Claim is asserted by Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT.

182.    Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, reallege and incorporate the allegations of the preceding paragraphs 1 to 140, to the extent relevant, as if fully set forth in this Claim.

183.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT each qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. On information and belief, Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT receive federal financial assistance. Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, at all times material herein, were regarded as having a physical or mental impairment that substantially limited one or more major life activities; or perceived to have a physical or mental impairment.

184.    <u>Individual Claims</u>: Defendants DOE 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, failed reasonably to accommodate Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY's disabilities and personally utilized, failed to intercede and prevent, and/or were integral

29

1  participants to excessive and unreasonable force used against them because of their apparent or perceived

2  disabilities, in violation of their rights protected by the Rehabilitation Act, 29 U.S.C. § 794, et seq.

3       185.   <u>Class Claims</u>: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE

4  DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting under color of state law and as policy-

5  making authorities, knew or should have known that law enforcement officers under their command,

6  including Defendants DOE 1 to 100, were inadequately trained, supervised, or disciplined resulting from

7  either the lack of proper training, pursuant to policy, or the result of the lack of policy, resulting in the

8  violation of the rights of Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and

9  ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, protected

10  by the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.

11       186.   Defendants DANIEL HAHN, and DOE 101 to 125's actions and inactions were motivated

12  by evil motive or intent, involved reckless or callous indifference to statutorily protected rights, or were

13  wantonly or oppressively done.

14       187.   As a direct and proximate result of Defendants CITY OF SACRAMENTO,

15  SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's actions and

16  inactions, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH

17  CROUCHLEY, on behalf of themselves and a class of similarly situated persons, suffered injuries

18  entitling them to receive nominal, compensatory, and punitive damages and equitable (declaratory and

19  injunctive) relief against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE

20  DEPARTMENT.

21       WHEREFORE, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and

22  ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, pray for

23  relief as hereunder appears.

24  **<u>TENTH CLAIM</u>**

25  **Americans With Disabilities Act**

26  **(42 U.S.C. § 12101, *et seq*.)**

27       188.   This Claim is asserted by Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ,

28  DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly

30

1  situated persons, against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE

2  DEPARTMENT.

3      189.    Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and

4  ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, reallege

5  and incorporate the allegations of the preceding paragraphs 1 to 140, to the extent relevant, as if fully set

6  forth in this Claim.

7      190.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT

8  each qualify as a "public entity" within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104.

9  Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH

10 CROUCHLEY, on behalf of themselves and a class of similarly situated persons, at all times material

11 herein, were regarded as having a physical or mental impairment that substantially limited one or more

12 major life activities; or perceived to have a physical or mental impairment.

13     191.    <u>Individual Claims</u>: Defendants DOE 1 to 100, acting or purporting to act in the

14 performance of their official duties as law enforcement officers, failed reasonably to accommodate

15 Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH

16 CROUCHLEY's disabilities and personally utilized, failed to intercede and prevent, and/or were integral

17 participants to excessive and unreasonable force used against them because of their apparent or perceived

18 disabilities, in violation of their rights protected by the Americans with Disabilities Act, 42 U.S.C. §

19 12101, *et seq*.

20     192.    <u>Class Claims</u>: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE

21 DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting under color of state law and as policy-

22 making authorities, knew or should have known that law enforcement officers under their command,

23 including Defendants DOE 1 to 100, were inadequately trained, supervised, or disciplined resulting from

24 either the lack of proper training, pursuant to policy, or the result of the lack of policy, resulting in the

25 violation of the rights of Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and

26 ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, protected

27 by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

28     193.    Defendants DANIEL HAHN, and DOE 101 to 125's actions and inactions were motivated

by evil motive or intent, involved reckless or callous indifference to statutorily protected rights, or were wantonly or oppressively done.

194.    As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's actions and inactions, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, suffered injuries entitling them to receive nominal, compensatory, and punitive damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT.

WHEREFORE, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

## ELEVENTH CLAIM

### Bane Act

### (Cal. Civ. Code § 52.1)

195.    This Claim is asserted by Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125.

196.    Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, reallege and incorporate the allegations of the preceding paragraphs 1 to 140, to the extent relevant, as if fully set forth in this Claim.

197.    U.S. Const., Amend. IV & Cal. Const., Art. I, § 13 Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of the rights of Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of

32

themselves and a class of similarly situated persons, protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and Article I, Section 13 of the California Constitution.

198.   <u>Cal. Const., Amend. XIV & Cal. Const., Art. I, § 7(a) Claims</u>: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of the rights of Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, protected by the Fourteenth Amendment of the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

199.   <u>Cal. Const., Amend. I & Cal. Const., Art. I, §§ 1, 2, 3 Claims</u>: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of the rights of Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and Article I, Sections 1, 2, and 3 of the California Constitution.

200.   <u>Cal. Const., Amend. XIV & Cal. Const., Art. I, § 7(a) Claims</u>: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of the rights of Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, protected by the Fourteenth Amendment of the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

201.   As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125's actions and inactions, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH

33

CROUCHLEY, on behalf of themselves and a class of similarly situated persons, suffered injuries entitling them to receive statutory penalties and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125.

WHEREFORE, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons, seek Judgment as follows:

1.      For issuance of a judgment declaring that Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125's actions, inactions, and/or policies or customs complained of herein unconstitutional under the U.S. Constitution and the California Constitution;

2.      For entry of a preliminary and permanent injunction enjoining Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's prospective actions, inactions, and/or policies or customs complained of herein in violation of the U.S. Constitution, the California Constitution, and Cal. Civ. Code § 52.1;

3.      For an award of compensatory, general, and special damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125, according to proof at trial;

4.      For an award of exemplary or punitive damages against Defendants DANIEL HAHN and DOE 1 to 125, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally protected rights, or were wantonly or oppressively done;

5.      For an award of statutory penalties against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, pursuant to Cal.

Civ. Code § 52.1 and any other statute as may be applicable;

6.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

7.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: June 18, 2020

Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone:    (916) 443-6911
    Facsimile:    (916) 447-8336

    Attorneys for Plaintiffs
    THONGXY PHANSOPHA, JOSHUA RUIZ,
    DANIEL GARZA, and ELISABETH CROUCHLEY

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED by Plaintiffs THONGXY PHANSOPHA, JOSHUA RUIZ, DANIEL GARZA, and ELISABETH CROUCHLEY, on behalf of themselves and a class of similarly situated persons.

Dated: June 18, 2020

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 443-6911
Facsimile:      (916) 447-8336

Attorneys for Plaintiffs
THONGXY PHANSOPHA, JOSHUA RUIZ,
DANIEL GARZA, and ELISABETH CROUCHLEY