Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:        mark@markmerin.com
               paul@markmerin.com

Attorneys for Plaintiffs
DANIEL GARZA, JOSHUA RUIZ,
ELISABETH CROUCHLEY, STEVEN PASSAL,
RUSSELL VREELAND, ANTHONY PIRES,
JOHN RUFFNER, and JENNIFER LORET DE MOLA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons,<br><br>                 Plaintiffs,<br><br>vs.<br><br>CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225,<br><br>                 Defendants. | Case No. 2:20-cv-01229-WBS-EFB<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

This class action is brought by DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY,

STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER

LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, for damages,

declaratory relief, and injunctive relief enjoining and declaring unconstitutional the deprivations of the

federal and state constitutional rights caused by the CITY OF SACRAMENTO and SACRAMENTO

POLICE DEPARTMENT, and their officials and personnel, who subjected Plaintiffs and the class to a

1

policy or custom of unreasonable and excessive use of force by firing impact weapons to strike and injure non-violent demonstrators exercising their constitutional rights to freedom of speech.

## JURISDICTION & VENUE

1.     This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution), and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

2.     Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because the acts and/or omissions described herein occurred in the Eastern District of California.

3.     Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

## EXHAUSTION

4.     On June 15, 2020, DANIEL GARZA submitted a government claim to the CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT concerning his individual claims asserted in this action. On July 30, 2020, the government claim was rejected as a matter of law. *See* Cal. Gov. Code § 912.4(c).

5.     On June 23, 2020, JOSHUA RUIZ submitted a government claim to the CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT concerning his individual claims asserted in this action. On August 7, 2020, the government claim was rejected as a matter of law. *See* Cal. Gov. Code § 912.4(c).

6.     On June 23, 2020, ELISABETH CROUCHLEY submitted a government claim to the CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT concerning her individual claims asserted in this action. On August 7, 2020, the government claim was rejected as a matter of law. *See* Cal. Gov. Code § 912.4(c).

7.     On June 25, 2020, DANIEL GARZA, JOSHUA RUIZ, and ELISABETH CROUCHLEY

2

submitted a class government claim to the CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT concerning the class claims asserted in this action. On August 10, 2020, the class government claim was rejected as a matter of law. *See* Cal. Gov. Code § 912.4(c).

## PARTIES

8.      Plaintiff DANIEL GARZA is a resident of the County of Sacramento, California.

9.      Plaintiff JOSHUA RUIZ is a resident of the County of Sacramento, California.

10.     Plaintiff ELISABETH CROUCHLEY is a resident of the County of Sacramento, California.

11.     Plaintiff STEVEN PASSAL is a resident of the County of Sacramento, California.

12.     Plaintiff RUSSELL VREELAND is a resident of the County of Sacramento, California.

13.     Plaintiff ANTHONY PIRES is a resident of the County of Sacramento, California.

14.     Plaintiff JOHN RUFFNER is a resident of the County of Sacramento, California.

15.     Plaintiff JENNIFER LORET DE MOLA is a resident of the County of Sacramento, California.

16.     Defendant CITY OF SACRAMENTO is a "public entity" within the definition of Cal. Gov. Code § 811.2.

17.     Defendant SACRAMENTO POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

18.     Defendant DANIEL HAHN is, and at all times material herein was, a law enforcement officer and Police Chief for Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, acting within the scope of that employment. Defendant DANIEL HAHN is sued in his individual capacity.

19.     Defendants DOE 1 to 225 are and/or were agents or employees of Defendants CITY OF SACRAMENTO and/or SACRAMENTO POLICE DEPARTMENT and acted within the scope of that agency or employment and under color of state law. Defendants DOE 1 to 225's true and correct names are not now known and they are identified by their fictitious names. Defendants DOE 1 to 225's fictitious names will be substituted for their true and correct names when ascertained.

\ \ \

3

**GENERAL ALLEGATIONS**

20.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

21.     On May 26, 2020, George Floyd, a black man, was murdered by Minneapolis police officer Derek Chauvin, a white man. Chauvin knelt on Floyd's neck for almost nine minutes, as Floyd gasped for air, begged for mercy, and told the officer he could not breathe. Three other Minneapolis police officers looked on, without intervention or protest, as Chauvin slowly killed Floyd. Floyd's killing was captured on camera and went "viral."

22.     George Floyd's murder is consistent with a longstanding, ongoing pattern of cases where minorities—and, most-often, black men—are subject to disproportionate force and sometimes killed by law enforcement without justification. For example, and in addition to George Floyd, some other highly publicized and recent killings by law enforcement include Tamir Rice, Michael Brown, Eric Garner, Philando Castile, Joseph Mann, Stephon Clark, and Breonna Taylor.

23.     Nationwide outcry, protest, and demonstration immediately resulted from George Floyd's killing, with many around the country disgusted by and fed-up with law enforcement's all-too-frequent resort to deadly force without accountability. Thousands took to the streets to express their constitutional rights to freedom of speech and petition against government officials who either participated in police violence or idly stood-by while fellow officers engaged in such misconduct.

24.     Many protests have occurred, and are continuing to occur, in Sacramento, California.

25.     Demonstrating the very same propensity for the use of unjustified violence that gave rise to these recent nationwide demonstrations, Defendant SACRAMENTO POLICE DEPARTMENT's officers took to the streets in droves, armed for war against their own citizenry, and employed severe and unjustified excessive force against peaceful, non-violent demonstrators.

**Daniel Garza**

26.     Plaintiff DANIEL GARZA is a National Lawyers Guild ("NLG") Legal Observer who has observed demonstrations across the United States since 2012. Plaintiff DANIEL GARZA is the "Know Your Rights" and NLG Legal Observer trainer for the Sacramento Chapter of the NLG. Plaintiff DANIEL GARZA served 6-years in the United States Navy with two deployments to OIF/OEF aboard

4

the U.S.S. Nimitz (CVN-68).

27.     Plaintiff DANIEL GARZA was acting in his capacity as an NLG Legal Observer to observe demonstrations occurring in the downtown-area of Sacramento, at all relevant times.

28.     Plaintiff DANIEL GARZA was wearing a neon-green hat prominently displaying the words "National Lawyers Guild Legal Observer." NLG Legal Observers, and their neon-green hats, are internationally recognized as observer non-participants and are extended the same rights and access as are members of the press.

29.     Defendant SACRAMENTO POLICE DEPARTMENT and its officers have long-known of the role and presence of NLG Legal Observers at protest demonstrations—including, for example, the demonstrations held at Defendant SACRAMENTO POLICE DEPARTMENT's headquarters located at 5303 Franklin Blvd., Sacramento, CA 95820, on May 29, 2020.

30.     On or about May 30, 2020, Plaintiff DANIEL GARZA was conducting legal observation near the Sacramento County Main Jail.

31.     Plaintiff DANIEL GARZA observed Sacramento County Sheriff's Department officers use flash-bang grenades and tear gas and fire irritant chemicals at protesters.

32.     Plaintiff DANIEL GARZA followed the protesters as they moved from I and 7th Streets to K Street.

33.     Plaintiff DANIEL GARZA followed the demonstration down J Street from 7th Street until it reached 19th Street. Plaintiff DANIEL GARZA began to film the interaction between the protestors and police with a camera and an iPhone held in both hands, simultaneously live-streaming the recordings to Facebook.

34.     Plaintiff DANIEL GARZA observed a police line form and advance towards the protestors.

35.     Plaintiff DANIEL GARZA was off to the side of the demonstration, in a parking lot west of 2020 J Street (SNAHC Building), as the police line marched past.

36.     Plaintiff DANIEL GARZA was behind the police line, after it moved forward towards the demonstration.

37.     Defendant DOE 1, an officer, told Plaintiff DANIEL GARZA to move in front of the

5

1    police line.

2        38.    Plaintiff DANIEL GARZA refused Defendant DOE 1's requests, recognizing that the

3    officers were preparing to fire on the protesters near the police line. Plaintiff DANIEL GARZA did not

4    want to be exposed to line-of-fire of officers' projectile or chemical weapons.

5        39.    Plaintiff DANIEL GARZA told Defendant DOE 1, "We are not part of them" (the

6    demonstration) and "We are not interfering."

7        40.    Defendants DOE 1 to 25, the line of officers, forced Plaintiff DANIEL GARZA to move

8    in front of the police line and into the line-of-fire, through physical intimidation, brandishing of weapons,

9    display of force, and an overwhelming police presence.

10        41.    Defendants DOE 1 to 25 deployed flash-bang grenades and tear gas while pushing the

11    police lines forward.

12        42.    Plaintiff DANIEL GARZA advanced down J Street with the protesters.

13        43.    Plaintiff DANIEL GARZA donned a military-style gas mask which permitted him to

14    observe the demonstration without the gas affecting him. Plaintiff DANIEL GARZA continued to wear

15    his high-visibility neon-green hat identifying him as a non-participant NLG Legal Observer.

16        44.    The police line, including Defendants DOE 1 to 25, advanced to J and 21st Streets, where

17    a standoff between protestors and police remained for some time.

18        45.    Plaintiff DANIEL GARZA spent the majority of his time standing on the sidewalk in

19    front of 2100 J Street (First United Methodist Church).

20        46.    Defendants DOE 1 to 25 fired their weapons directly at the protesters and several

21    protestors fell to the ground as they were shot.

22        47.    Plaintiff DANIEL GARZA left the sidewalk to assist injured persons who had been shot

23    and were unable to move without assistance.

24        48.    Plaintiff DANIEL GARZA assisted at least one person who had been shot in the face with

25    projectiles, causing incapacitation and severe bleeding.

26        49.    Plaintiff DANIEL GARZA was not fired-upon by Defendants DOE 1 to 25 when he

27    assisted injured persons from the street to the sidewalk, leading him to believe that the officers

28    recognized that he was not a threat.

50. Plaintiff DANIEL GARZA continued filming the line of officers on his camera and live-streaming on Facebook with his iPhone, with a camera in each hand.

51. Plaintiff DANIEL GARZA was on the sidewalk about 30 feet from the police line.

52. Plaintiff DANIEL GARZA observed that someone from behind and to the right of his location threw an object towards the police line. The object was thrown high above the police line and the landed far behind the police line, without striking any officer.

53. Defendant DOE 2 lifted his rifle, in reaction to the object being thrown and landing behind the police line.

54. Defendant DOE 2 aimed his firearm at Plaintiff DANIEL GARZA and fired.

55. Plaintiff DANIEL GARZA was struck on the left side of his forehead with a projectile.

56. Plaintiff DANIEL GARZA fell to the ground, crying-out in pain. A recording can be found at the following location: <https://www.facebook.com/danny.garza.167/videos/10222535335080905/>.

57. Plaintiff DANIEL GARZA felt severe pain and blood trickling from his face.

58. Plaintiff DANIEL GARZA had been concussed by the projectile that had struck his head.

59. Plaintiff DANIEL GARZA stood up, walked to the police line, and confronted the officer who he believed had shot him.

60. Plaintiff DANIEL GARZA repeatedly asked for the officer to identify his badge number.

61. An officer responded "#1011." Plaintiff DANIEL GARZA does not know if the officer who provided the badge number is Defendant DOE 2, the officer responsible for shooting him in the face.

62. Plaintiff DANIEL GARZA walked towards J and 22nd Streets, where his partner observed his injuries and determined he needed to go to the hospital.

63. Plaintiff DANIEL GARZA's speech and thinking became noticeably impaired.

64. Plaintiff DANIEL GARZA was left in the care of a nursing student known as "Raven" and a tall man who identified himself as a physician, as his partner left to retrieve a vehicle.

65. Raven and the physician assisted Plaintiff DANIEL GARZA in retreating further into a parking lot to the east of 2100 J Street.

7

66. Raven and the physician sat Plaintiff DANIEL GARZA on the lower rungs of stairs that attached to the building. They cleaned Plaintiff DANIEL GARZA's head wound.

67. Defendants DOE 1 to 25 advanced east on J Street, perpendicular to Plaintiff DANIEL GARZA's location.

68. Raven and the physician attempted to apply a bandage to Plaintiff DANIEL GARZA's head.

69. Defendants DOE 1 to 25 again fired their weapons at Plaintiff DANIEL GARZA, Raven, and the physician, while they were treating Plaintiff DANIEL GARZA's injuries.

70. Plaintiff DANIEL GARZA, Raven, and the physician were each hit with pepper-balls.

71. Plaintiff DANIEL GARZA, Raven, and the physician were cornered behind the stairs of the building without any ability to escape Defendants DOE 1 to 25's continuous assault.

72. Plaintiff DANIEL GARZA, Raven, and the physician repeatedly yelled "Medic! Medic! Don't shoot!"

73. Raven was temporarily blinded by the pepper-balls fired and she sustained at least two impact marks on her right bicep from pepper-ball impacts.

74. Defendants DOE 1 to 25 deployed flash-bang grenades.

75. Plaintiff DANIEL GARZA and the medics attempted to retreat from their cover behind the stairs but, again, were immediately fired-upon by Defendants DOE 1 to 25.

76. Plaintiff DANIEL GARZA, Raven, and the physician were eventually able to walk to the front of 2200 K Street (Temple Coffee), from where Plaintiff DANIEL GARZA was transported to the Sacramento Veterans Affairs Hospital by a woman named Claire.

77. Plaintiff DANIEL GARZA continues to experience pain, swelling, and severe discoloration to the left side of his face where he was shot, including his left eye swelling shut.

78. Plaintiff DANIEL GARZA has experienced significant difficulties with his short-term memory, focus, speech, comprehension, and cognition and exhibits symptoms consistent with a traumatic brain injury.

**Joshua Ruiz**

79. On or about May 31, 2020, Plaintiff JOSHUA RUIZ was attending a demonstration

8

occurring in downtown Sacramento near Capitol Avenue and L Street.

80.  Defendant SACRAMENTO POLICE DEPARTMENT's officers, including Defendants DOE 26 to 50, began indiscriminately to fire their weapons into the crowd of protestors, without justification.

81.  Defendants DOE 26 to 50 fired projectiles directly at the demonstrators, severely injuring many.

82.  Plaintiff JOSHUA RUIZ was struck several times with projectiles, all over his body.

83.  Plaintiff JOSHUA RUIZ fell to the ground after initially being struck by projectiles.

84.  Defendants DOE 26 to 50 continued to fire-on and to strike Plaintiff JOSHUA RUIZ with projectiles, even as he lay on the ground, defenseless and injured.

85.  Plaintiff JOSHUA RUIZ is unable to identify the officers who shot him due to Defendants DOE 26 to 50's uniforms and equipment which obscured their identity. On information and belief, Defendants DOE 26 to 50's indistinguishable uniforms and equipment were employed, at least in part, for the purpose of hiding officers' identities and avoiding accountability.

86.  Plaintiff JOSHUA RUIZ was admitted to the hospital for numerous and severe injuries caused by his multiple injuries caused by the projectiles fire at him.

87.  Plaintiff JOSHUA RUIZ sustained numerous cuts, bumps, and bruises from the projectiles. Plaintiff JOSHUA RUIZ's liver was found to have been lacerated due to the force with which a projectile struck him.

88.  Plaintiff JOSHUA RUIZ was hospitalized for multiple days due to his injuries. Plaintiff JOSHUA RUIZ continues to experience pain and discomfort resulting from his injuries.

89.  Plaintiff JOSHUA RUIZ wishes to attend further demonstrations, when he is healthy enough to do so. Plaintiff JOSHUA RUIZ is hesitant, however, based on the experience and excessive force to which he was subjected.

### Elisabeth Crouchley

90.  On or about the early hours of May 31, 2020, Plaintiff ELISABETH CROUCHLEY was attending a demonstration occurring in downtown Sacramento near 20th and J Streets.

91.  Plaintiff ELISABETH CROUCHLEY was peacefully demonstrating about 25 feet from a

9

police line of Defendant SACRAMENTO POLICE DEPARTMENT's officers, including Defendants DOE 51 to 75.

92.    Defendants DOE 51 to 75 began indiscriminately to fire their weapons into the crowd of protestors.

93.    Plaintiff ELISABETH CROUCHLEY observed that several protestors were directly struck with projectiles fired by the officers.

94.    Plaintiff ELISABETH CROUCHLEY turned to run away from Defendants DOE 51 to 75's line-of-fire.

95.    As Plaintiff ELISABETH CROUCHLEY was running away from the officers, she was struck with an impact weapon on her right buttock and with a bean-bag to the back of her neck.

96.    Plaintiff ELISABETH CROUCHLEY was yelling, "Don't shoot! Don't shoot!," as she ran away with both of her hands raised above her head.

97.    Defendants DOE 51 to 75 shot Plaintiff ELISABETH CROUCHLEY with an additional four impact weapons, striking her on the back of the head, back, hip, and foot.

98.    Plaintiff ELISABETH CROUCHLEY was admitted to the emergency room at Sutter General Hospital.

99.    Plaintiff ELISABETH CROUCHLEY required immediate medical treatment for her injuries, including two staples to the back of her head to close the laceration where she had been struck with an impact weapon.

100.    The attending nurse filed a police report on Plaintiff ELISABETH CROUCHLEY's behalf.

101.    Plaintiff ELISABETH CROUCHLEY sustained severe bruising from the impact injuries she sustained.

102.    Plaintiff ELISABETH CROUCHLEY continues to experience pain and discomfort resulting from her injuries.

**Steven Passal**

103.    On or about the early hours of May 31, 2020, Plaintiff SEVEN PASSAL was present near a demonstration occurring in downtown Sacramento near 21st and J Streets.

10

104.    Plaintiff SEVEN PASSAL heard commotion as Defendant SACRAMENTO POLICE DEPARTMENT's officers, including Defendants DOE 76 to 100, forcibly moved demonstrators.

105.    Plaintiff SEVEN PASSAL observed a standoff between the demonstrators and Defendants DOE 76 to 100 from a sidewalk.

106.    Plaintiff SEVEN PASSAL had no involvement in demonstration and was merely observing the demonstration as a non-participant.

107.    Plaintiff SEVEN PASSAL observed and heard a flashbang grenade explode near his head.

108.    Plaintiff SEVEN PASSAL was struck from behind three times by impact weapons fired by Defendants DOE 76 to 100.

109.    Plaintiff SEVEN PASSAL was struck on the tailbone, on the back of his arm, and on the back of his head.

110.    Plaintiff SEVEN PASSAL could not afford to go to the hospital.

111.    Plaintiff SEVEN PASSAL experienced headaches, back issues, and nightly trouble sleeping since he sustained the injuries.

112.    Plaintiff SEVEN PASSAL continues to experience pain and discomfort resulting from his injuries.

### Russell Vreeland

113.    On or about the early hours of May 31, 2020, Plaintiff RUSSELL VREELAND was present at a demonstration occurring in downtown Sacramento near 21st and J Streets.

114.    Plaintiff RUSSELL VREELAND was struck by an impact weapon fired by Defendant SACRAMENTO POLICE DEPARTMENT's officers, including Defendants DOE 101 to 125.

115.    Plaintiff RUSSELL VREELAND was struck in the abdomen.

116.    Plaintiff RUSSELL VREELAND sustained bruising, pain, and a hematoma lasting several weeks.

117.    Plaintiff RUSSELL VREELAND continues to experience pain and discomfort resulting from his injuries, including anxiety, depression, and insomnia related to the event.

### Anthony Pires

118.    On or about the early hours of May 31, 2020, Plaintiff ANTHONY PIRES was observing

11

a demonstration occurring in downtown Sacramento near the Sacramento Convention Center on J Street and 13th Streets.

119.    Defendant SACRAMENTO POLICE DEPARTMENT's officers, including Defendants DOE 126 to 150, were lined up and blocking J Street with a barrier.

120.    Plaintiff ANTHONY PIRES walked down the street and stood approximately 30 to 40 feet away from the officers.

121.    Plaintiff ANTHONY PIRES was observing the demonstration and capturing video recordings with his cell phone.

122.    Plaintiff ANTHONY PIRES stood off to the side of the demonstration, separate from demonstrators.

123.    Defendants DOE 126 to 150 ordered persons to move away.

124.    Plaintiff ANTHONY PIRES complied with the officers' commands to move.

125.    Defendants DOE 126 to 150 began to move forward, towards the demonstrators.

126.    Demonstrators began to disperse, moving away from the advancing officers.

127.    Defendants DOE 126 to 150 started firing into the crowd of demonstrators.

128.    Plaintiff ANTHONY PIRES put his hands up and walked towards the sidewalk.

129.    Plaintiff ANTHONY PIRES observed Defendants DOE 126 to 150 shooting various persons with impact weapons.

130.    Plaintiff ANTHONY PIRES attempted to record persons being shot by Defendants DOE 126 to 150.

131.    Defendant DOE 126 shot Plaintiff ANTHONY PIRES with an impact weapon, without provocation.

132.    Plaintiff ANTHONY PIRES was struck by impact weapons on his chest and on the back of his leg.

133.    Plaintiff ANTHONY PIRES's chest injury felt as though someone had hit him with a baseball bat.

134.    Plaintiff ANTHONY PIRES sustained bruising, pain, and soreness associated with his injuries.

12

1    135.    Plaintiff ANTHONY PIRES continues to experience pain and discomfort resulting from

2    his injuries, including anxiety among crowds.

3    **John Ruffner**

4    136.    On or about the later hours of May 30, 2020, or the early hours of May 31, 2020, Plaintiff

5    JOHN RUFFNER was on J Street near 15th Street in downtown Sacramento.

6    137.    Plaintiff JOHN RUFFNER was demonstrating, holding his hands up while standing near

7    Defendant SACRAMENTO POLICE DEPARTMENT's officers, including Defendants DOE 151 to 175.

8    138.    Plaintiff JOHN RUFFNER observed a demonstrator on the ground being shot by several

9    officers with impact weapons.

10    139.    Plaintiff JOHN RUFFNER approached the injured demonstrator, with his hands held in

11    the air.

12    140.    Plaintiff JOHN RUFFNER motioned to Defendants DOE 151 to 175 that he was going to

13    help move the injured demonstrator from the ground and out of harm's way.

14    141.    Defendants DOE 151 to 175 opened fire on Plaintiff JOHN RUFFNER, without warning.

15    142.    Plaintiff JOHN RUFFNER was struck by several impact weapons fired by Defendants

16    DOE 151 to 175.

17    143.    Plaintiff JOHN RUFFNER was knocked to the ground by the force of the impact weapons

18    that struck him.

19    144.    Plaintiff JOHN RUFFNER was struck on the back by an impact weapon, as he was lying

20    facedown on the ground.

21    145.    Plaintiff JOHN RUFFNER was dragged away by other demonstrators, as Defendants

22    DOE 151 to 175 continued to fire impact weapons at Plaintiff JOHN RUFFNER and others

23    demonstrators.

24    146.    Plaintiff JOHN RUFFNER attempted to stand on his own multiple times but was unable

25    to do so because he was experiencing severe cramps.

26    147.    Plaintiff JOHN RUFFNER was eventually able to regain his ability to walk.

27    148.    Plaintiff JOHN RUFFNER witnesses numerous persons shot by officers with impact

28    weapons, without cause.

13

1      149.    Plaintiff JOHN RUFFNER believed that the officers were going to kill demonstrators.

2      150.    Plaintiff JOHN RUFFNER eventually went to the hospital with other demonstrators

3 injured by impact weapons.

4      151.    Plaintiff JOHN RUFFNER sustained bruising, pain, and soreness associated with his

5 injuries.

6      152.    Plaintiff JOHN RUFFNER continues to experience pain and discomfort resulting from his

7 injuries.

8                    **Jennifer Loret de Mola**

9      153.    On or about the later hours of May 30, 2020, or the early hours of May 31, 2020, Plaintiff

10 JENNIFER LORET DE MOLA was on J Street near 15th Street in downtown Sacramento.

11      154.    Plaintiff JENNIFER LORET DE MOLA was a participant in a demonstration.

12      155.    Plaintiff JENNIFER LORET DE MOLA held her hands up as she faced Defendant

13 SACRAMENTO POLICE DEPARTMENT's officers, including Defendants DOE 176 to 200.

14      156.    Plaintiff JENNIFER LORET DE MOLA's mask accidentally slipped down, off her face,

15 without her noticing.

16      157.    Defendant DOE 176 shouted at Plaintiff JENNIFER LORET DE MOLA: "Put on your

17 mask!"

18      158.    Plaintiff JENNIFER LORET DE MOLA immediately complied, reset her mask, and said:

19 "I'm sorry."

20      159.    Defendant DOE 176 shot Plaintiff JENNIFER LORET DE MOLA with an impact

21 weapon, in the ribs, from approximately six feet away.

22      160.    Plaintiff JENNIFER LORET DE MOLA was winded by the shot and fell to the sidewalk.

23      161.    Plaintiff JENNIFER LORET DE MOLA had difficultly standing, straightening, and

24 walking.

25      162.    Defendants DOE 176 to 200 began indiscriminately to shoot at demonstrators.

26      163.    Plaintiff JENNIFER LORET DE MOLA sustained bruising, pain, and soreness associated

27 with her injuries.

28      164.    Plaintiff JENNIFER LORET DE MOLA continues to experience pain and discomfort

resulting from her injuries.

<u>**POLICY AND CUSTOM ALLEGATIONS**</u>

165.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT's Chief of Police, Defendant DANIEL HAHN, is a final policy-making authority under state law and Defendant SACRAMENTO POLICE DEPARTMENT's General Orders. *See* Cal. Gov. Code § 38630(a); <https://www.cityofsacramento.org/Police/Transparency/General-Orders>. Defendant DANIEL HAHN has served as Chief of Police since August 2017.

166.    Defendants DOE 201 to 225 possess policy-making authority, based on the delegation of authority from Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and/or DANIEL HAHN.

**POLICIES**

167.    Defendant SACRAMENTO POLICE DEPARTMENT maintains General Order 532.11 "Crowd & Riot Control Manual," available at: <https://www.cityofsacramento.org/-/media/Corporate/Files/Police/Transparency/RMs/RM-53211-Crowd-and-Riot-as-of-1298.pdf?la=en>. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225's policies, including General Order 532.11, chapter 2, section (A)(3)(e), authorizes officers to use force against non-threatening demonstrations: "If a display of officers accompanied by a dispersal order does not result in voluntary dispersal, more forceful action may be employed."

168.    Defendant SACRAMENTO POLICE DEPARTMENT maintains General Order 580.02 "Use of Force," available at: <https://www.cityofsacramento.org/-/media/Corporate/Files/Police/Transparency/GO/Section-500/GO-58002-Use-of-Force-6820.pdf?la=en>. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225's policies, including General Order 580.02(A)(8)(c), defines projectile weapons fired by officers at persons to be "Less Lethal Force." In reality, projectile weapons have the ability to severely injure, permanently disable, and kill targets. *See* "Death, injury and disability from kinetic impact projectiles in crowd-control settings: a systematic review," available at: <https://bmjopen.bmj.com/content/7/12/e018154>.

169.    Defendant SACRAMENTO POLICE DEPARTMENT maintains General Order 580.12

15

1 "Less Lethal Weapons," according to General Order 580.02(E)(3)(f). Defendant SACRAMENTO

2 POLICE DEPARTMENT does not make its General Order 580.12 "Less Lethal Weapons" publicly

3 available. *See* <https://www.cityofsacramento.org/Police/Transparency/General-Orders>.

4 **CUSTOMS**

5     170.   Use of Unconstitutional Tactics in Response to Demonstration/Protest: Defendants CITY

6 OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to

7 225 maintain an unofficial custom whereby their officers are permitted to employ unconstitutional tactics

8 against persons in or around the area of a demonstration/protest—particularly as it relates to

9 demonstrations/protests concerning the subject of police violence. This custom proximately caused

10 Defendants DOE 1 to 200's unconstitutional actions against Plaintiffs DANIEL GARZA, JOSHUA

11 RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES,

12 JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they

13 seek to represent. In addition to the incidents giving rise to this action, evidence of the existence of this

14 custom is reflected by the circumstances in *Coburn v. City of Sacramento*, E.D. Cal. Case No. 2:19-cv-

15 00888-TLN-AC. In the *Coburn* case, a demonstration protesting the Sacramento County District

16 Attorney's Office's refusal to prosecute the police officers responsible for shooting and killing an

17 unarmed black man, Stephon Clark, in his grandmother's backyard, occurred on March 4, 2019.

18 Hundreds of law enforcement officers, including Defendant SACRAMENTO POLICE

19 DEPARTMENT's officers, corralled, "kettled," and trapped 84 persons (including participants and non-

20 participants, such as legal observers and press members) on a highway overpass, impeding the

21 demonstrations' movement and preventing and persons from leaving the scene. The officers then

22 declared an unlawful assembly and used force unconstitutionally to detain, arrest, and book all trapped

23 persons. The law enforcement agencies, including Defendants CITY OF SACRAMENTO and

24 SACRAMENTO POLICE DEPARTMENT, agreed to settle the claims that resulted from a civil rights

25 lawsuit pursuant to a stipulated class action settlement agreement. Defendants CITY OF

26 SACRAMENTO and SACRAMENTO POLICE DEPARTMENT agreed to pay at least $414,000.00 to

27 settle the action.

28     171.   Use of Unreasonable and Excessive Force/Failure to Train, Supervise, or Discipline:

16

Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225 maintain an unofficial custom whereby their officers are permitted to use unreasonable and excessive force against persons with whom they come into contact, without meaningful consequence, discipline, or corrective action. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225's failure to investigate and to discipline officers in the face of widespread constitutional violations has resulted in use of force with impunity. This custom proximately caused Defendants DOE 1 to 200's use of force against Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent. In addition to the incidents giving rise to this action, evidence of the existence of this custom is reflected by:

    a.    The California Department of Justice's "Report & Recommendations" issued on January 29, 2019. *See* <https://oag.ca.gov/system/files/attachments/press-docs/spd-report.pdf>. Therein, numerous and "significant deficiencies" are identified and recommendations provided in reference to Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT's use of force policies and training. For example, Defendant SACRAMENTO POLICE DEPARTMENT's use of force policies "should affirm the importance of proportionality"; "should prohibit certain problematic uses of force"; and should "[r]equir[e] officers to intervene during a use of force incident when the force used is outside of departmental policy." Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT's use of force training "should place greater emphasis on teaching officers to have a 'guardian' mindset"; and "should ensure its use of force training emphasizes critical-decision making skills and require such training annually for all staff, regardless of rank."

    b.    Numerous incidents involving allegations of unreasonable and excessive uses of force by Defendant SACRAMENTO POLICE DEPARTMENT's officers which were substantiated by significant settlements, for example:

        i.    *Clark v. City of Sacramento*, E.D. Cal. Case No. 2:19-cv-00171-JAM-EFB (Alleging that two police officers shot an unarmed man, Stephon Clark, to death on March 18, 2018, while he hid in his grandmother's backyard. The resulting lawsuit was partially settled for $2,400,000).

17

ii.      *Cain v. City of Sacramento*, E.D. Cal. Case No. 2:17-cv-00848-JAM-DB (Alleging that a police officer grabbed, tackled, and punched a man for jaywalking on April 10, 2017, without realizing the beating was recorded. The resulting lawsuit was settled for $550,000. <https://www.sacbee.com/news/local/article228710949.html>).

iii.      *Hernandez v. City of Sacramento*, E.D. Cal. Case No. 2:17-cv-02311-JAM-DB (Alleging that three police officers chased an unarmed man who had been loitering in front of a convenience store into a hospital where he was then tased, beaten, and pinned to ground until he asphyxiated to the point of coma on March 6, 2017. The resulting lawsuit was settled for $5,200,000. <https://www.sacbee.com/news/local/article231173283.html>).

iv.      *Mann v. City of Sacramento*, E.D. Cal. Case No. 2:16-cv-01847-WBS-DB (Alleging that a mentally-ill man was falsely reported to have a gun when two police officers unsuccessfully attempted to run-over the man with their patrol vehicle and, after failing to do so, exited the vehicle, pursued the man on foot as he fled, cornered the man, and shot him to death on July 11, 2016. The resulting lawsuit was settled for $719,000. <www.sacbee.com/news/local/article130391109.html>).

v.      *Namoca v. City of Sacramento*, E.D. Cal. Case No. 2:16-cv-02283-TLN-EFB (Alleging that two police officers falsely accused a minor of "tampering" with a mailbox, tackled him to the ground and dislocated his shoulder, and unlawfully detained him in the back of a police car for nearly an hour while conducting pretextual records searches before finally releasing him when it became apparent that no lawful justification for the arrest could be found on June 7, 2016. The resulting lawsuit was settled for $40,000. <https://www.sacbee.com/news/local/article228710949.html>).

vi.      *Thompson v. City of Sacramento*, E.D. Cal. Case No. 2:18-cv-00806-KJM-DB (Alleging that a police officer slammed a woman face-first into the frame of a patrol vehicle multiple times, breaking her nose and the orbital around her eye on April 10, 2016. The resulting lawsuit was settled).

vii.      *Halcomb v. City of Sacramento*, E.D. Cal. Case No. 2:14-cv-02796-MCE-DB (Alleging that three police officers broke into the wrong residence seeking the subject of an arrest warrant who lived at a different address and used excessive and unreasonable force against the resident

18

when he confronted the intruders on August 8, 2014. The resulting lawsuit was settled for $220,000, after it was discovered that a police officer lied about the existence of a warrant. <http://www.sacbee.com/news/local/crime/article147296244.html>. On March 7, 2018, in response to a subsequent citizen complaint against the officer who lied under oath, Defendant DANIEL HAHN found "no violation of Police Department rules or regulations" by the officer that lied, under oath, about the existence of a warrant).

## RATIFICATION

172.    On information and belief, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225 have failed and/or refused to hold their officers accountable for the unreasonable and excessive uses of force against Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent.

173.    On information and belief, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225 have determined that the unreasonable and excessive use of force against Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, was justified and/or in compliance with Defendant SACRAMENTO POLICE DEPARTMENT's policies and general orders, based on the customs described above.

## <u>CLASS ALLEGATIONS</u>

174.    Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225 deprived Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, of their civil rights including, but not limited to, the right to freedom of expression and speech and the right against being subject to uses of unreasonable and excessive force. Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND,

19

ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, were injured as a resulted of a policy or custom, a lack of proper training, and/or were ratified by policymaking officials, including Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225.

175.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA seek to represent a class of non-threatening demonstration attendees who were and/or will be subject to unconstitutional conduct carried out by Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225.

176.    Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the class are so numerous that joinder of all members is impractical, as there are at least 40 class members, on information and belief.

177.    Pursuant to Fed. R. Civ. P. 23(a)(2), there are many facts common to the class including, but not limited to, whether Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225 deprived Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, of theirs rights and/or had policies or customs permitting or deliberately indifferent to constitutional and civil rights, including:

a.    indiscriminate and unreasonable uses of force against attendees at demonstrations;

b.    retaliation against attendees at demonstrations concerning police violence; and/or

c.    discrimination against attendees at demonstrations concerning police violence.

178.    Pursuant to Fed. R. Civ. P. 23(a)(2), there are many questions of law common to the class including, but are not limited to, whether Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225 deprived Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, of theirs rights and/or had policies or customs permitting or deliberately indifferent to constitutional and civil rights, including:

20

(a)    Violations of the Fourth Amendment of the U.S. Constitution, which prohibits unreasonable and excessive force;

(b)    Violations of the Fourteenth Amendment of the U.S. Constitution, which prohibits indiscriminate and unintentional uses of force;

(c)    Violations of the First Amendment of the U.S. Constitution, which prohibits retaliation in response to protected activity;

(d)    Violations of the Fourteenth Amendment of the U.S. Constitution, which prohibits unequal treatment of persons under the law;

(e)    Violations of Article I, Section 13 of the California Constitution, which prohibits unreasonable and excessive force;

(f)    Violations of Article I, Section 7(a) of the California Constitution, which prohibits indiscriminate and unintentional uses of force

(g)    Violations of Article I, Sections 1, 2, and 3 of the California Constitution, which prohibits retaliation in response to protected activity;

(h)    Violations of Article I, Section 7(a) of the California Constitution, which prohibits unequal treatment of persons under the law; and

(i)    Violations of the Cal. Civ. Code § 52.1, for each of the reasons described in subdivisions (a) through (h), above.

179.    Pursuant to Fed. R. Civ. 23(a)(3), proposed representative Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA's claims are typical of the class they seek to represent, and share the same interests and suffered the same types of injuries as the putative class members, where the alleged claims are based upon the same legal theories and similar facts.

180.    Pursuant to Fed. R. Civ. P. 23(a)(4), proposed representative Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA are prepared fairly and adequately to protect the interests of the class, and their interests are consistent with, and not antagonistic

21

to, the interests of the class.

181.    On information and belief, identities of the members of the class may be ascertained from records maintained by Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, such as police or force reports; and/or from records maintained by third parties, such as hospitals or medical care providers.

182.    Pursuant to Fed. R. Civ. P. 23(b)(1)(A), prosecutions of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class.

183.    Pursuant to Fed. R. Civ. P. 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of inconsistent adjudications with respect to individual members of the putative class which would, as a practical matter, substantially impair or impede the interests of the other members of the putative class to protect their interests.

184.    Pursuant to Fed. R. Civ. P. 23(b)(2), Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225 have acted on grounds generally applicable to the class, thereby making appropriate the final injunctive or declaratory relief with respect to the class as a whole.

185.    Pursuant to Fed. R. Civ. P. 23(b)(3), the questions of law and fact, as alleged above, are common to class members and predominate over any questions affecting only individual members.

186.    Pursuant to Fed. R. Civ. P. 23(b)(3), a class action is superior to other available methods for the fair and equitable adjudication of the controversy between the parties.

187.    Pursuant to Fed. R. Civ. P. 23(b)(3)(A), the interests of members of the class in individually controlling the prosecution of a separate action is low, where most class members would be unable individually to prosecute any action at all, for example, where the amounts at stake for members of the class may be so small that separate suits would be impracticable, or where most members of the class may not be able to find counsel to represent them.

188.    Pursuant to Fed. R. Civ. P. 23(b)(3)(B), there exists no other litigation concerning the controversy that has already begun by or against class members, on information and belief.

189.   Pursuant to Fed. R. Civ. P. 23(b)(3)(C), it is desirable to concentrate all litigation in one forum because it will promote judicial efficiency to resolve the common questions of law and fact in one forum, rather than in multiple forums.

190.   Pursuant to Fed. R. Civ. P. 23(b)(3)(D), there are not likely to be significant difficulties in managing a class action in this case.

191.   Pursuant to Fed. R. Civ. P. 23(c)(2), upon certification under Fed. R. Civ. P. 23(b)(3), Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA contemplate that individual notice will be given to members of the class at their last-known address by first-class U.S. mail, informing members of the class to the following: (1) the pendency of the class action and the issues common to the class; (2) the nature of the action; (3) a class member's right to "opt-out" of the action within a given time, in which event the class member will not be bound by a decision rendered in the class action; (4) a class member's right, if the class member does not "opt-out," to be represented by the class member's own counsel and to enter an appearance in the case, otherwise the class member will be represented by representative Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA and their counsel; and (5) the class member's right, if the class member does not "opt-out," to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues adverse to the class.

## EQUITABLE ALLEGATIONS

192.   There is an actual controversy between Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, and Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225 concerning the threat of unreasonable and excessive uses of force by Defendant SACRAMENTO POLICE DEPARTMENT's officers pursuant to execution of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225's policies or customs concerning permitting indiscriminate uses of force against attendees at

23

demonstrations. Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, seek a judicial determination of their rights and duties and a declaration as to and Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225's constitutional obligations.

193.    On information and belief, as a direct consequence of Defendants DOE 1 to 225's past conduct and Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225's failure to act and to restrain their officers from using similarly-unconstitutional uses of force, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, have suffered and will continue to suffer violations of their constitutional and civil rights resulting in irreparable harm, including the chilling of free speech, right to petition, and right to be free from unreasonable and excessive uses of force.

## FIRST CLAIM

### Unreasonable and Excessive Force

### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

194.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, assert this Claim against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225.

195.    The allegations of the preceding paragraphs 1 to 193 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

196.    Individual Claims: Defendants DOE 1 to 200, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY,

24

1  STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER

2  LORET DE MOLA, and the class of similarly situated persons they seek to represent, or failed to

3  intercede and/or were integral participants to the use of unreasonable and excessive force, in violation of

4  rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the

5  U.S. Constitution.

6      197.   Cass Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE

7  DEPARTMENT, DANIEL HAHN, and DOE 201 to 225, acting or purporting to act under color of state

8  law and as policymaking authorities, maintained policies or customs of action and inaction resulting in

9  harm to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN

10  PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE

11  MOLA, and the class of similarly situated persons they seek to represent, in violation of rights protected

12  by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

13      198.   Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions were motivated by

14  evil motive or intent, involved reckless or callous indifference to constitutionally protected rights, or

15  were wantonly or oppressively done.

16      199.   Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN

17  PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE

18  MOLA, and the class of similarly situated persons they seek to represent, were injured as a direct and

19  proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT,

20  DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive compensatory

21  damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO,

22  SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225; and punitive damages

23  against Defendants DANIEL HAHN and DOE 1 to 225.

24      WHEREFORE, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY,

25  STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER

26  LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, pray for relief as

27  hereunder appears.

28  \ \ \

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND CLAIM

### Unreasonable and Excessive Force

### (U.S. Const., Amend. XIV; 42 U.S.C. § 1983)

200.     Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, assert this Claim against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225.

201.     The allegations of the preceding paragraphs 1 to 193 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

202.     Individual Claims: Defendants DOE 1 to 200, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in conscience-shocking conduct by employing potentially-lethal force with the purpose to harm and/or deliberate indifference and without regard to the known or obvious risks of injury to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, or failed to intercede and/or were integral participants to the potentially-lethal force, in violation of rights protected by the Fourteenth Amendment of the U.S. Constitution.

203.     Class Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, in violation of rights protected by the Fourteenth Amendment of the U.S. Constitution.

204.     Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally protected rights, or were wantonly or oppressively done.

26

205.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, were injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225; and punitive damages against Defendants DANIEL HAHN and DOE 1 to 225.

WHEREFORE, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

## THIRD CLAIM

### Retaliation

### (U.S. Const., Amend. I; 42 U.S.C. § 1983)

206.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, assert this Claim against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225.

207.    The allegations of the preceding paragraphs 1 to 193 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

208.    Individual Claims: Defendants DOE 1 to 200, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, retaliated against Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, for engaging in constitutionally protected activity with intent to inhibit that activity, or failed to intercede and/or were integral

27

participants to the retaliation, in violation of rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

209.    <u>Class Claims</u>: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, in violation of rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

210.    Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally protected rights, or were wantonly or oppressively done.

211.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, were injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225; and punitive damages against Defendants DANIEL HAHN and DOE 1 to 225.

WHEREFORE, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

## FOURTH CLAIM

### Equal Protection

### (U.S. Const., Amend. XIV; 42 U.S.C. § 1983)

212.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN

28

PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE

MOLA, on behalf of themselves and a class of similarly situated persons, assert this Claim against

Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN,

and DOE 1 to 225.

213.    The allegations of the preceding paragraphs 1 to 193 are realleged and incorporated, to the

extent relevant, as if fully set forth in this Claim.

214.    <u>Individual Claims</u>: Defendants DOE 1 to 200, acting or purporting to act under color of

state law and in the performance of their official duties as law enforcement officers, discriminated

against Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL,

RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA,

and the class of similarly situated persons they seek to represent, when using force against them based on

an animus towards attendees at demonstrations concerning police violence and accountability, without a

rational relationship to any legitimate state interest, or failed to intercede and/or were integral participants

to the discriminatory uses of force, in violation of rights protected by the Fourteenth Amendment of the

U.S. Constitution.

215.    <u>Class Claims</u>: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE

DEPARTMENT, DANIEL HAHN, and DOE 201 to 225, acting or purporting to act under color of state

law and as policymaking authorities, maintained policies or customs of action and inaction resulting in

harm to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN

PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE

MOLA, and the class of similarly situated persons they seek to represent, in violation of rights protected

by the Fourteenth Amendment of the U.S. Constitution.

216.    Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions were motivated by

evil motive or intent, involved reckless or callous indifference to constitutionally protected rights, or

were wantonly or oppressively done.

217.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN

PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE

MOLA, and the class of similarly situated persons they seek to represent, were injured as a direct and

proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225; and punitive damages against Defendants DANIEL HAHN and DOE 1 to 225.

WHEREFORE, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

## FIFTH CLAIM

### Rehabilitation Act

### (29 U.S.C. § 701, *et seq.*)

218.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, assert this Claim against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT.

219.    The allegations of the preceding paragraphs 1 to 193 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

220.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT each qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. On information and belief, Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT receive federal financial assistance. Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, at all times material herein, were regarded as having a physical or mental impairment that substantially limited one or more major life activities; or were perceived to have a physical or mental impairment.

221.    <u>Individual Claims</u>: Defendants DOE 1 to 200, acting or purporting to act in the

30

performance of their official duties as law enforcement officers, failed reasonably to accommodate the disabilities of Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, and personally utilized, failed to intercede and prevent, and/or were integral participants to the use of unreasonable and excessive force against them because of their apparent or perceived disabilities, in violation of rights protected by the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

222.    Class Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, in violation of rights protected by the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.

223.    Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to statutorily protected rights, or were wantonly or oppressively done.

224.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, were injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive nominal, compensatory, and punitive damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT.

WHEREFORE, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

31

## SIXTH CLAIM

### Americans with Disabilities Act

### (42 U.S.C. § 12101, *et seq.*)

225.     Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, assert this Claim against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT.

226.     The allegations of the preceding paragraphs 1 to 193 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

227.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT each qualify as a "public entity" within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104. Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, at all times material herein, were regarded as having a physical or mental impairment that substantially limited one or more major life activities; or were perceived to have a physical or mental impairment.

228.     Individual Claims: Defendants DOE 1 to 200, acting or purporting to act in the performance of their official duties as law enforcement officers, failed reasonably to accommodate the disabilities of Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, and personally utilized, failed to intercede and prevent, and/or were integral participants to the use of unreasonable and excessive force against them because of their apparent or perceived disabilities, in violation of rights protected by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

229.     Class Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN

32

1  PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE

2  MOLA, and the class of similarly situated persons they seek to represent, in violation of rights protected

3  by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

4  230.   Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions were motivated by

5  evil motive or intent, involved reckless or callous indifference to statutorily protected rights, or were

6  wantonly or oppressively done.

7  231.   Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN

8  PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE

9  MOLA, and the class of similarly situated persons they seek to represent, were injured as a direct and

10  proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT,

11  DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive nominal,

12  compensatory, and punitive damages and equitable (declaratory and injunctive) relief against Defendants

13  CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT.

14  WHEREFORE, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY,

15  STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER

16  LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, pray for relief as

17  hereunder appears.

18  **SEVENTH CLAIM**

19  **Unreasonable and Excessive Force**

20  **(Cal. Const., Art. I, § 13)**

21  232.   Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN

22  PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE

23  MOLA, on behalf of themselves and a class of similarly situated persons, assert this Claim against

24  Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN,

25  and DOE 1 to 225.

26  233.   The allegations of the preceding paragraphs 1 to 193 are realleged and incorporated, to the

27  extent relevant, as if fully set forth in this Claim.

28  234.   <u>Individual Claims</u>: Defendants DOE 1 to 200, acting or purporting to act under color of

33

state law and in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, or failed to intercede and/or were integral participants to the use of unreasonable and excessive force, in violation of rights protected by Article I, Section 13 of the California Constitution.

235.   Cass Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, in violation of rights protected by Article I, Section 13 of the California Constitution.

236.   Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DANIEL HAHN and DOE 1 to 225.

237.   Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

238.   Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, were injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225; and punitive damages against Defendants DANIEL HAHN and DOE 1 to 225.

WHEREFORE, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY,

34

STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER

LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, pray for relief as

hereunder appears.

## EIGHTH CLAIM

### Unreasonable and Excessive Force

### (Cal. Const., Art. I, § 7(a))

239.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN

PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE

MOLA, on behalf of themselves and a class of similarly situated persons, assert this Claim against

Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN,

and DOE 1 to 225.

240.    The allegations of the preceding paragraphs 1 to 193 are realleged and incorporated, to the

extent relevant, as if fully set forth in this Claim.

241.    Individual Claims: Defendants DOE 1 to 200, acting or purporting to act in the

performance of their official duties as law enforcement officers, engaged in conscience-shocking conduct

by employing potentially-lethal force with the purpose to harm and/or deliberate indifference and without

regard to the known or obvious risks of injury to Plaintiffs DANIEL GARZA, JOSHUA RUIZ,

ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN

RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to

represent, or failed to intercede and/or were integral participants to the potentially-lethal force, in

violation of rights protected by Article I, Section 7(a) of the California Constitution.

242.    Class Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE

DEPARTMENT, DANIEL HAHN, and DOE 201 to 225, acting or purporting to act under color of state

law and as policymaking authorities, maintained policies or customs of action and inaction resulting in

harm to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN

PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE

MOLA, and the class of similarly situated persons they seek to represent, in violation of rights protected

by Article I, Section 7(a) of the California Constitution.

243.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DANIEL HAHN and DOE 1 to 225.

244.    Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

245.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, were injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225; and punitive damages against Defendants DANIEL HAHN and DOE 1 to 225.

WHEREFORE, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

## NINTH CLAIM

### Retaliation

### (Cal. Const., Art. I, §§ 1, 2, 3)

246.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, assert this Claim against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225.

247.    The allegations of the preceding paragraphs 1 to 193 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

36

248.  <u>Individual Claims</u>: Defendants DOE 1 to 200, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, retaliated against Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, for engaging in constitutionally protected activity with intent to inhibit that activity, or failed to intercede and/or were integral participants to the retaliation, in violation of rights protected by Article I, Sections 1, 2, and 3 of the California Constitution.

249.  <u>Class Claims</u>: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, in violation of rights protected by Article I, Sections 1, 2, and 3 of the California Constitution.

250.  Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DANIEL HAHN and DOE 1 to 225.

251.  Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

252.  Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, were injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225; and punitive damages

37

against Defendants DANIEL HAHN and DOE 1 to 225.

WHEREFORE, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

## TENTH CLAIM

### Equal Protection

### (Cal. Const., Art. I, § 7(a))

253.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, assert this Claim against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225.

254.    The allegations of the preceding paragraphs 1 to 193 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

255.    Individual Claims: Defendants DOE 1 to 200, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, discriminated against Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, when using force against them based on an animus towards attendees at demonstrations concerning police violence and accountability, without a rational relationship to any legitimate state interest, or failed to intercede and/or were integral participants to the discriminatory uses of force, in violation of rights protected by the Fourteenth Amendment of the U.S. Constitution.

256.    Class Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN

38

PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, in violation of rights protected by Article I, Section 7(a) of the California Constitution.

257.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DANIEL HAHN and DOE 1 to 225.

258.     Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

259.     Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, were injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225; and punitive damages against Defendants DANIEL HAHN and DOE 1 to 225.

WHEREFORE, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

## ELEVENTH CLAIM

### Bane Act

### (Cal. Civ. Code § 52.1)

260.     Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, assert this Claim against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN,

39

and DOE 1 to 225.

261.    The allegations of the preceding paragraphs 1 to 193 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

Unreasonable and Excessive Force

262.    Individual Claims: Defendants DOE 1 to 200, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, or failed to intercede and/or were integral participants to the use of unreasonable and excessive force, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and Article I, Section 13 of the California Constitution.

263.    Class Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and Article I, Section 13 of the California Constitution.

Unreasonable and Excessive Force

264.    Individual Claims: Defendants DOE 1 to 200, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in conscience-shocking conduct by employing potentially-lethal force with the purpose to harm and/or deliberate indifference and without regard to the known or obvious risks of injury to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN

40

RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, or failed to intercede and/or were integral participants to the potentially-lethal force, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Fourteenth Amendment of the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

265.    Class Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Fourteenth Amendment of the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

Retaliation

266.    Individual Claims: Defendants DOE 1 to 200, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, retaliated against Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, for engaging in constitutionally protected activity with intent to inhibit that activity, or failed to intercede and/or were integral participants to the retaliation, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and Article I, Sections 1, 2, and 3 of the California Constitution.

267.    Class Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, with specific intent (*i.e.*,

41

deliberate indifference or reckless disregard) to deprive rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and Article I, Sections 1, 2, and 3 of the California Constitution.

Equal Protection

268.     Individual Claims: Defendants DOE 1 to 200, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, discriminated against Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, when using force against them based on an animus towards attendees at demonstrations concerning police violence and accountability, without a rational relationship to any legitimate state interest, or failed to intercede and/or were integral participants to the discriminatory uses of force, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Fourteenth Amendment of the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

269.     Class Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Fourteenth Amendment of the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

Rehabilitation Act & Americans with Disabilities Act

270.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT each qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. On information and belief, Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT receive federal financial assistance. Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN

42

RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, at all times material herein, were regarded as having a physical or mental impairment that substantially limited one or more major life activities; or were perceived to have a physical or mental impairment.

271.   <u>Individual Claims</u>: Defendants DOE 1 to 200, acting or purporting to act in the performance of their official duties as law enforcement officers, failed reasonably to accommodate the disabilities of Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, and personally utilized, failed to intercede and prevent, and/or were integral participants to the use of unreasonable and excessive force against them because of their apparent or perceived disabilities, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Rehabilitation Act, 29 U.S.C. § 794, *et seq.* and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

272.   <u>Class Claims</u>: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 201 to 225, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Rehabilitation Act, 29 U.S.C. § 794, *et seq.* and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

273.   Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DANIEL HAHN and DOE 1 to 225.

274.   Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

275.   Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN

43

PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, were injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive compensatory and treble damages, civil penalties, and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225; and punitive damages against Defendants DANIEL HAHN and DOE 1 to 225.

WHEREFORE, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, pray for relief as hereunder appears.

## TWELFTH CLAIM

### Assault / Battery

276.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, assert this Claim against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225.

277.    The allegations of the preceding paragraphs 1 to 193 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

278.    Individual Claims: Defendants DOE 1 to 200, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally touched, caused to be touched, or threatened to touch, without consent, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, and that touching or threatened touching constituted unreasonable and excessive force.

279.    Class Claims: Defendants DANIEL HAHN and DOE 201 to 225, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and

44

1   inaction resulting in Defendants DOE 1 to 200's use of unreasonable and excessive force against

2   Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL,

3   RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA,

4   and the class of similarly situated persons they seek to represent.

5       280.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT

6   are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§

7   815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting

8   within the scope of their employment, including Defendants DANIEL HAHN and DOE 1 to 225.

9       281.    Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions constituted

10  oppression, fraud, and/or malice resulting in great harm.

11      282.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN

12  PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE

13  MOLA, and the class of similarly situated persons they seek to represent, were injured as a direct and

14  proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT,

15  DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive compensatory

16  damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT,

17  DANIEL HAHN, and DOE 1 to 225; and punitive damages against Defendants DANIEL HAHN and

18  DOE 1 to 225.

19      WHEREFORE, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY,

20  STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER

21  LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, pray for relief as

22  hereunder appears.

23                          **THIRTEENTH CLAIM**

24                  **Intentional Infliction of Emotional Distress**

25      283.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN

26  PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE

27  MOLA, on behalf of themselves and a class of similarly situated persons, assert this Claim against

28  Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN,

45

and DOE 1 to 225.

284.    The allegations of the preceding paragraphs 1 to 193 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

285.    <u>Individual Claims</u>: Defendants DOE 1 to 200, acting or purporting to act in the performance of his official duties as a law enforcement officer, engaged in outrageous conduct, including: (i) use of unreasonable and excessive force; (ii) conscience-shocking employment of dangerous force; (iii) retaliation; and (iv) discrimination against Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, and, as a result of that outrageous conduct, they suffered severe emotional distress.

286.    <u>Class Claims</u>: Defendants DANIEL HAHN and DOE 201 to 225, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in Defendants DOE 1 to 200's outrageous conduct against Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent.

287.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DANIEL HAHN and DOE 1 to 225.

288.    Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

289.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly situated persons they seek to represent, were injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive compensatory damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT,

46

1  DANIEL HAHN, and DOE 1 to 225; and punitive damages against Defendants DANIEL HAHN and

2  DOE 1 to 225.

3       WHEREFORE, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY,

4  STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER

5  LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, pray for relief as

6  hereunder appears.

7                              **FOURTEENTH CLAIM**

8                                  **Negligence**

9       290.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN

10  PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE

11  MOLA, on behalf of themselves and a class of similarly situated persons, assert this Claim against

12  Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN,

13  and DOE 1 to 225.

14       291.    The allegations of the preceding paragraphs 1 to 193 are realleged and incorporated, to the

15  extent relevant, as if fully set forth in this Claim.

16       292.    <u>Individual Claims</u>: Defendants DOE 1 to 200, acting or purporting to act in the

17  performance of his official duties as a law enforcement officer, owed Plaintiffs DANIEL GARZA,

18  JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND,

19  ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly

20  situated persons they seek to represent, a duty of care and breached that duty, including by: (i) employing

21  inappropriate tactical conduct and decisions preceding the use of dangerous force; (ii) using of

22  unreasonable and excessive force; (iii) conscience-shocking employment of dangerous force; (iv)

23  retaliating against demonstration attendees; and (iv) discriminating against demonstration attendees.

24       293.    <u>Class Claims</u>: Defendants DANIEL HAHN and DOE 201 to 225, acting or purporting to

25  act under color of state law and as policymaking authorities, maintained policies or customs of action and

26  inaction resulting in Defendants DOE 1 to 200's breach of duties owed to Plaintiffs DANIEL GARZA,

27  JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND,

28  ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, and the class of similarly

                                        47

1  situated persons they seek to represent.

2  294.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT

3  are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§

4  815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting

5  within the scope of their employment, including Defendants DANIEL HAHN and DOE 1 to 225.

6  295.    Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions constituted

7  oppression, fraud, and/or malice resulting in great harm.

8  296.    Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN

9  PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE

10  MOLA, and the class of similarly situated persons they seek to represent, were injured as a direct and

11  proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT,

12  DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive compensatory

13  damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT,

14  DANIEL HAHN, and DOE 1 to 225; and punitive damages against Defendants DANIEL HAHN and

15  DOE 1 to 225.

16  WHEREFORE, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY,

17  STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER

18  LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, pray for relief as

19  hereunder appears.

20  \ \ \

21  \ \ \

22  \ \ \

23  \ \ \

24  \ \ \

25  \ \ \

26  \ \ \

27  \ \ \

28  \ \ \

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons, seek Judgment as follows:

1.      For issuance of a judgment declaring that Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225's actions, inactions, and/or policies or customs complained of herein unconstitutional under the U.S. Constitution and the California Constitution;

2.      For entry of a preliminary and permanent injunction enjoining Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225's prospective actions, inactions, and/or policies or customs complained of herein in violation of the U.S. Constitution, the California Constitution, and Cal. Civ. Code § 52.1;

3.      For an award of compensatory, general, and special damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225, according to proof at trial;

4.      For an award of exemplary or punitive damages against Defendants DANIEL HAHN and DOE 1 to 225, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions were motivated by evil motive or intent, involved reckless or callous indifference to protected rights, or were wantonly or oppressively done; and/or constituted oppression, fraud, and/or malice resulting in great harm;

5.      For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT pursuant to Cal. Civ. Code § 818);

6.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other

49

1 | statute as may be applicable; and

2 |     7.    For an award of any other further relief, as the Court deems fair, just, and equitable.

3 | Dated: August 14, 2020                          Respectfully Submitted,

By: _____
      Mark E. Merin
      Paul H. Masuhara
      LAW OFFICE OF MARK E. MERIN
      1010 F Street, Suite 300
      Sacramento, California 95814
      Telephone:        (916) 443-6911
      Facsimile:        (916) 447-8336

      Attorneys for Plaintiffs
      DANIEL GARZA, JOSHUA RUIZ,
      ELISABETH CROUCHLEY, STEVEN PASSAL,
      RUSSELL VREELAND, ANTHONY PIRES,
      JOHN RUFFNER, and JENNIFER LORET DE MOLA

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED by Plaintiffs DANIEL GARZA, JOSHUA RUIZ, ELISABETH CROUCHLEY, STEVEN PASSAL, RUSSELL VREELAND, ANTHONY PIRES, JOHN RUFFNER, and JENNIFER LORET DE MOLA, on behalf of themselves and a class of similarly situated persons.

Dated: August 14, 2020                  Respectfully Submitted,

By: _____

    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone:      (916) 443-6911
    Facsimile:      (916) 447-8336

    Attorneys for Plaintiffs
    DANIEL GARZA, JOSHUA RUIZ,
    ELISABETH CROUCHLEY, STEVEN PASSAL,
    RUSSELL VREELAND, ANTHONY PIRES,
    JOHN RUFFNER, and JENNIFER LORET DE MOLA

51